1  THE LAW OFFICE OF CHRISTINA DJERNAES
2  Christina Djernaes (SBN 177522)
   1215 De La Vina Street, Suite K
3  Santa Barbara, CA 93101
   (805) 685-8189
4  christina@djernaeslaw.com

**ORIGINAL FILED**

OCT 17 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**E-Filing**

6  Attorneys for Plaintiffs

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

**C 06 6493**

10  MADHAV KAKANI, GENNADY BRIN and    Case No.:
    RANJIV JAIN, on behalf of themselves and all
11  others similarly situated,                      **COMPLAINT FOR VIOLATIONS OF THE**
                                                    **FAIR LABOR STANDARDS ACT (FLSA),**
12              Plaintiffs,                          **THE CALIFORNIA LABOR CODE, AND**
                                                    **THE CALIFORNIA UNFAIR**
13      vs.                                          **COMPETITION LAW**

14  ORACLE CORPORATION,                  **CLASS AND COLLECTIVE ACTION**

15              Defendants.              **TRIAL BY JURY DEMANDED**

16

17

18                    **INTRODUCTION**

19      1.      Plaintiffs MADHAV KAKANI ("Plaintiff Kakani"), GENNADY BRIN ("Plaintiff

20  Brin") and RANJIV JAIN ("Plaintiff Jain") bring this action against Defendant Oracle Corporation

21  ("Defendant" or "Oracle") for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201,

22  *et seq.*, the California Labor Code and Industrial Welfare Commission (IWC) Wage Orders, and

23  the California Unfair Business Practices Act (California Business and Professions Code §§17200,

24  *et seq.*).

25      2.      This case challenges the failure of Oracle to pay its Sales Consultant employees

26  overtime wages, and failing to pay them for all hours worked.  The job duties, as well as the

27  policies and practices causing Defendant's failure to pay overtime and failure to compensate for all

28

1   hours worked, are the same or substantially similar for all Sales Consultant employees in the

2   United States.

3        3.     Plaintiffs and other similarly situated employees who opt into this action ("the FLSA

4   class" or "the class"), employed by Oracle as Sales Consultant employees, are not exempt from the

5   overtime provisions of the FLSA. Plaintiffs allege on behalf of themselves and all other similarly

6   situated employees that Oracle willfully has engaged and continues to engage in a policy and

7   practice of misclassifying Plaintiffs and the class as exempt from the overtime provisions of the

8   FLSA. This policy and practice results in Defendant failing to pay class members overtime

9   compensation for overtime hours worked, thus depriving the class of large amounts of wages

10  which they have earned and to which they are entitled.

11       4.     Defendant willfully has engaged in the practice of requiring or permitting its non-

12  exempt Sales Consultant employees to perform work in excess of forty (40) hours in a week

13  without compensating its non-exempt Sales Consultant employees for this time.

14       5.     Defendant's practices are in direct violation of the FLSA. Plaintiffs and the class

15  seek compensation and credit for all unrecorded and uncompensated work time, liquidated and/or

16  other damages as permitted by law, and attorneys' fees and costs.

17       6.     Plaintiffs and other similarly situated employees of Oracle in California ("the

18  California subclass" or "the subclass"), employed by Oracle in California as Sales Consultant

19  employees, are not exempt from the California Labor Code or IWC Wage Orders. Despite this,

20  Oracle has failed to pay Plaintiffs and the subclass time-and-one-half ("overtime compensation")

21  for their time worked over forty (40) hours in a week and over eight (8) hours in a day, in violation

22  of Labor Code §§510 and 1194, and the applicable IWC Wage Orders. In addition, Oracle has

23  failed to pay Plaintiffs and the class double time for their time worked over twelve (12) hours in a

24  day and over eight (8) hours on the seventh (7th) consecutive day of work, in violation of Labor

25  Code §§510 and 1194, and the applicable IWC Wage Orders.

26       7.     California Industrial Welfare Commission Order 4-2001, California Code of

27  Regulations, Title 8, Chapter 5, §11070; California Labor Code §§200, 201, 202, 226, 226.7, 510

28  and 512; and California Business and Professions Code §§17200, et seq. require employers to

COMPLAINT FOR VIOLATIONS OF THE FLSA, CAL. LABOR CODE AND BUS. & PROF. CODE §§17200, ET SEQ.

2

1   provide their employees with a meal period of at least 30 minutes for every five hours the

2   employee spends on the job, and with a rest period of at least 10 minutes for every four hours of

3   work or major fraction thereof.  Employers must relieve their employees of all duties during these

4   meal and rest periods to comply with their legal obligations.  Oracle has an unlawful policy and

5   practice of requiring that Sales Consultant employees remain on the premises and on duty through

6   the required meal and rest periods, in violation of Labor Code §§226.7, 510, and the IWC Wage

7   Order.

8           8.      Oracle fails to keep accurate records of all hours worked, and fails to properly

9   itemize the wages earned, by Plaintiffs and the subclass.  As a result of these acts, and as a result of

10   the violations described herein, Oracle fails to provide accurate itemized wage statements to

11   Plaintiffs and the subclass, in violation of California Labor Code §226.

12          9.      Because Defendant does not pay overtime compensation to Plaintiffs and the

13   subclass for overtime hours worked, Defendant has failed and continues to fail to pay all of the

14   wages due and owing to Plaintiffs and the subclass in a timely fashion, in violation of California

15   Labor Code §204.

16          10.     As a result of all the foregoing violations, Oracle fails to pay its Sales Consultant

17   employees in California their earned wages upon the end of their employment, in violation of

18   California Labor Code §§201-202.

19                               **JURISDICTION AND VENUE**

20          11.     This Court has federal question jurisdiction in this action pursuant to 28 U.S.C.

21   §1331 and §16(b) of the FLSA, 29 U.S.C. §216(b).  This Court has supplemental jurisdiction over

22   Plaintiffs' California subclass state-law claims pursuant to 28 U.S.C. §1367.

23          12.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c).  Members of

24   the class and subclass reside in the Northern District of California.  Defendant conducts business,

25   employs class members, and has its headquarters in this District, and some of the events

26   complained of occurred in this District.

27

28

**INTRADISTRICT ASSIGNMENT**

13.     Assignment to the San Francisco/Oakland Division is proper because a substantial portion of the acts, events, and omissions giving rise to this action occurred in San Mateo County, which is within the San Francisco/Oakland Division of this District.

**PARTIES**

14.     Plaintiff Kakani is a resident of Copenhagen, Denmark.  Kakani worked for Defendant as a Sales Consultant employee from on or about January 1, 2000, to on or about June 30, 2003, and was employed by Defendant in California.  He was primarily engaged in demonstrating Oracle software products to customers and Oracle sales representatives, marketing Oracle software products according to customer needs.  Kakani regularly worked for Oracle in excess of eight hours a day and forty hours a week.

15.     Plaintiff Brin is a resident of California and a former employee of Defendant.  Brin worked for Defendant as a Sales Consultant employee from on or about July 1, 1999, to on or about May 31, 2004, and was employed by Defendant in California.  He was primarily engaged in demonstrating Oracle software products to customers and Oracle sales representatives, marketing Oracle software products according to customer needs.  Brin regularly worked for Oracle in excess of eight hours a day and forty hours a week.

16.     Plaintiff Jain is a resident of Washington and a former employee of Defendant.  Jain worked for Defendant as a Sales Consultant employee from on or about September 1, 1998, to on or about February 17, 2006, and was employed by Defendant in Bellevue, Washington.  He was primarily engaged in demonstrating Oracle software products to customers and Oracle sales representatives, marketing Oracle software products according to customer needs.  Jain regularly worked for Oracle in excess of eight hours a day and forty hours a week.

17.     Defendant Oracle Corporation is headquartered in Redwood Shores, California, and has at all relevant times done business and continues to do business in this District.  Oracle designs, develops, produces, wholesales, implements, and supports software throughout the world.  At all relevant times, Oracle has been an employer and has employed employees, including Plaintiffs and members of the class, as such terms are defined by the FLSA.

**FACTUAL ALLEGATIONS**

18.     The operations of Oracle offices or locations, and the wages and compensation of non-exempt employees at each of its offices or locations, are substantially similar, if not identical.

19.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203.  At all relevant times, Defendant has employed, and continues to employ, "employee[s]," including Plaintiffs and the class, who have been, and continue to be, engaged in interstate commerce and/or the production of goods for commerce.  At all relevant times, Defendant has had gross operating revenues in excess of $500,000.  The policies and practices of Oracle, including failure to pay overtime compensation for overtime hours worked, failure to compensate for all hours worked, failure to provide timely and accurate itemized wage statements, and failure to pay wages upon termination of employment, at all relevant times have been substantially similar, if not identical, throughout the various Oracle locations in the United States.

20.     Based on its misclassification of its Sales Consultant employees as exempt from the overtime provisions of the FLSA and California law, Oracle fails to pay its non-exempt Sales Consultant employees overtime compensation for overtime hours worked.  Plaintiffs and the class and subclass regularly work in excess of forty hours in a week and eight hours in a day without receiving overtime compensation.

21.     Oracle fails to provide its Sales Consultant employees in California with accurate and timely itemized wage statements.  As a result of the violations described above, the wage statements provided to its Sales Consultant employees by Oracle fail to accurately reflect the wages that should be earned by Sales Consultant employees for their hours worked.

22.     Oracle has an unlawful policy and practice of denying to its Sales Consultant employees the meal and rest periods to which they are entitled, in violation of Labor Code §§226.7, 510, and IWC Wage Order 4-2001.

23.     As a result of all the foregoing violations, Oracle fails to pays its Sales Consultant employees all of their wages in a timely fashion.

24.     As a result of all of the foregoing violations, Oracle fails to pay its Sales Consultant employees in California all of the wages to which they are entitled upon the end of their employment.

25.     Defendant's unlawful conduct has been widespread and repeated throughout its locations.  Defendant knew or should have known that its policies and practices have been unlawful and unfair.

## ALLEGATIONS FOR CLASS AND COLLECTIVE ACTION

26.     Plaintiffs bring the First Cause of Action for violation of the FLSA as a collective action pursuant to §16(b) of the FLSA, 29 U.S.C. §216(b).  The class that Plaintiffs seek to represent is defined as follows:

> All Sales Consultant employees of Oracle, who were, are, or will be employed during the period of three years prior to the commencement of this action through the date of judgment of this action.

27.     Plaintiffs bring these claims on behalf of all Sales Consultant employees of Oracle, who were, are or will be employed during the period of three years prior to the commencement of this action through the date of judgment of this action.

28.     Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to §16(b) of the FLSA, for all claims asserted by Plaintiffs for the class, because the claims of Plaintiffs are similar to the claims of the members of the class.

29.     Members of the class are similarly situated, as they have substantially similar job requirements and provisions and are subject to a common practice, policy or plan that requires them to perform work in excess of forty hours a week without overtime compensation.

30.     Plaintiffs bring the remainder of his causes of action for violations of California law as class action allegations pursuant to Fed.R.Civ.P. 23.  The subclass Plaintiffs seek to represent is defined as follows:

> All Sales Consultant employees in California who were, are or will be employed during the period of four years prior to the commencement of this action through the date of judgment of this action.

31.     Plaintiffs bring the Second Cause of Action for violation of the California Labor Code and IWC Wage Orders as a class action pursuant to Fed.R.Civ.P. 23.  Plaintiffs bring these claims on behalf of the members of the subclass, who have not been fully compensated for all work performed in excess of forty hours in a week and eight hours in a day, in violation of California Labor Code §§510 and 1194 and the IWC Wage Orders.

32.     Plaintiffs bring the Third Cause of Action for violation of California Labor Code §§226.7 and 512, and IWC Wage Orders, as a class action pursuant to Fed.R.Civ.P. 23.  Plaintiffs bring these claims on behalf of the subclass, whose members have been subject to Defendant's unlawful policy and practice of preventing Plaintiffs and the subclass from taking the meal and rest periods to which they are entitled by California law.

33.     Plaintiffs bring the Fourth Cause of Action for violation of California Labor Code §226 as a class action pursuant to Fed.R.Civ.P. 23.  Plaintiffs bring these claims on behalf of the subclass, whose members have been subject to Defendant's unlawful policy and practice of failing to provide the subclass with accurate and timely itemized wage statements.

34.     Plaintiffs bring the Fifth Cause of Action for violation of California Labor Code §204 as a class action pursuant to Fed.R.Civ.P. 23.  Plaintiffs bring these claims on behalf of the subclass, whose members have been subject to Defendant's unlawful policy and practice of failing to pay all wages owed on a bi-monthly basis.

35.     Plaintiffs bring the Sixth Cause of Action for violation of California Labor Code §§201-203 as a class action pursuant to Fed.R.Civ.P. 23.  Plaintiffs bring these claims on behalf of the subclass, whose members were employed by Defendant and ended their employment during the period of three years prior to the commencement of this action through the date of judgment of this action, to whom Defendant has not paid the wages they are owed in a timely manner.

36.     Plaintiffs bring the Seventh Cause of Action for violation of California Business and Professions Code §§17200, *et seq*. ("UCL"), as a class action pursuant to Fed.R.Civ.P. 23. Plaintiffs bring these claims on behalf of the subclass, who have been subject to Defendant's unlawful, unfair and fraudulent business policy and practice of failing to pay to Plaintiffs and the

1  subclass overtime compensation for overtime hours worked, and of preventing Plaintiffs and the

2  subclass from taking the meal and rest periods to which they are entitled by California law.

3       37.   Members of the California subclass are further similarly situated by virtue of the

4  common questions of law and fact that exist as to Plaintiffs and the subclass, including, but not

5  limited to, the following:

6            i.     whether Defendant has violated and continues to violate the California Labor

7  Code and IWC Wage Orders;

8            ii.    whether Defendant has engaged in a continuing policy, pattern or practice of

9  misclassifying non-exempt Sales Consultant employees, as exempt from the California Labor

10  Code and IWC Wage Orders;

11           iii.   whether Defendant has violated California Labor Code §§510 and 1194, and

12  the IWC Wage Orders, by engaging in a continuing policy, pattern or practice of failing to pay to

13  Plaintiffs and the subclass overtime compensation for overtime hours worked;

14           iv.    whether Defendant has violated California Labor Code §§226.7 and 512, and

15  the IWC Wage Orders, by failing to provide Plaintiffs and the subclass with the meal and rest

16  periods to which they are entitled;

17           v.     whether Defendant has violated California Labor Code §226 by failing to

18  provide Plaintiffs and the subclass with accurate and timely itemized wage statements;

19           vi.    whether Defendant has violated California Labor Code §204 by failing to pay

20  all of the wages due and owing to Plaintiff and the subclass in a timely fashion;

21           vii.   whether Defendant has violated California Labor Code §§201-203 by failing

22  to pay members of the subclass the wages owing to them upon termination or quit; and

23           viii.  whether Defendant's policies and practices have constituted unlawful, unfair,

24  or fraudulent business practices in violation of California's Unfair Business Practices Act.

25       38.   The claims of Plaintiffs are typical of the claims or defenses of the subclass.  The

26  subclass is so numerous that joiner of all members is impracticable.  Plaintiffs will fairly and

27  adequately represent and protect the interests of the members of the class and subclass.  Plaintiffs

28

1    have retained counsel competent and experienced in complex employment class action and

2    collective action litigation.

3        39.    Class certification of the Second, Third, Fourth, and Fifth of Action is appropriate

4    pursuant to Fed.R.Civ.P. 23(b)(1) because the prosecution of separate actions by individual

5    subclass members would create a risk of inconsistent or varying adjudications which would

6    establish incompatible standards of conduct for Defendant, and/or because adjudications with

7    respect to individual subclass members would as a practical matter be dispositive of the interests of

8    non-party subclass members.

9        40.    In addition, class certification of Second, Third, Fourth, and Fifth Causes of Action

10   is appropriate pursuant to Fed.R.Civ.P. 23(b)(2) because Defendant has acted or refused to act on

11   grounds generally applicable to the subclass, making appropriate both declaratory and injunctive

12   relief with respect to the subclass as a whole.  The members of the subclass are entitled to

13   injunctive relief to end Defendant's common and uniform practices of denying the subclass

14   overtime compensation, and denying the subclass meal and rest periods, timely payment of wages

15   upon termination or quit, and accurate and timely itemized wage statements.

16       41.    Class certification of the Second, Third, Fourth, and Fifth Causes of Action is also

17   appropriate pursuant to Fed.R.Civ.P. 23(b)(3) because questions of law and fact common to the

18   subclass predominate over questions affecting only members of the subclass, and because a class

19   action is superior to other available methods for the fair and efficient adjudication of this litigation.

20       42.    Plaintiffs know of no difficulty that would be encountered in the management of this

21   litigation which would preclude its maintenance as a class action.

22       43.    The class is ascertainable, because the names and addresses of the members of the

23   class and subclass are available from Oracle.

24                        **FIRST CAUSE OF ACTION**
                 **Failure to Pay Overtime Compensation in Violation of FLSA**
25                     (On Behalf of Plaintiffs and the FLSA Class)

26       44.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth

27   herein.

28

---

45.     At all relevant times, Defendant has engaged, and continues to engage, in a willful policy, pattern, or practice of classifying its Sales Consultant employees, including Plaintiffs and the class, as exempt from the overtime provisions of the FLSA.  As a result, Defendant requires or permits Plaintiffs and the class to work overtime hours without paying them overtime compensation.

46.     As a result, Defendant has failed to pay overtime compensation to Plaintiffs and the class for all hours worked in excess of forty each week, in violation of the FLSA, 29 U.S.C. §§207 and 215(a).

47.     As a result of Defendant's willful failure to record, report, credit and/or compensate its non-exempt hourly employees employed as Sales Consultant employees, including Plaintiffs and the class, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and 215(a).

48.     Plaintiffs, on behalf of themselves and the class, seek damages in the amount of the respective unpaid overtime compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

49.     Wherefore, Plaintiffs and the class request relief as hereinafter provided.

### SECOND CAUSE OF ACTION
**Failure to Pay Overtime Wages in Violation of California Law**
(On Behalf of Plaintiffs and the California Subclass)

50.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

51.     California Labor Code §510(a) provides as follows:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.  Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

52.     Paragraph 3(A)(1) of the applicable IWC Wage Orders state:

(3)(A)(1)The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work.  Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.  Eight (8) hours of labor constitutes a day's work.  Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(c) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one-fortieth (1/40) of the employee's weekly salary.

53.     California Labor Code §1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

54.     California Labor Code §558(a) and §20 of IWC Wage Order 7-2001 further provide for civil penalties against any employer or other person acting on behalf of an employer who violates, or causes to be violated, these overtime pay requirements in the following amounts: (1) for any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; and (2) for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

55.     California Labor Code §200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

56.     Defendant's across-the-board policy and practice of classifying Plaintiffs and other similarly situated Sales Consultant employees as exempt from the overtime pay entitlements has been unlawful.  At no relevant time have Plaintiffs and the subclass been primarily engaged in exempt duties.  Neither Paragraph 1 of Wage Order 4-2001 nor any other provision of law has exempted Plaintiffs and the class from the right to overtime pay.

57.     Plaintiffs and the subclass regularly work in excess of 40 hours in a week and/or eight hours in a day for Defendant without being paid overtime compensation in violation of the California Labor Code, IWC Wage Orders and other applicable law.

58.     Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiffs and the subclass for all wages earned and all hours worked, including overtime wages for overtime work.  As a proximate result of the aforementioned violations, Defendant has damaged Plaintiffs and the subclass in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

59.     Defendant is liable to Plaintiffs and the subclass alleged herein for the unpaid overtime compensation and civil penalties, with interest thereon.  Plaintiffs also are entitled to an award of attorneys' fees and costs as set forth below.

60.     Wherefore, Plaintiffs and the subclass request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
**Failure to Provide Meal and Rest Periods in Violation of California Law**
(On Behalf of Plaintiffs and the California Subclass)

61.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

62.     At all times relevant herein, California Labor Code §§226.7 and 512 and the applicable IWC Wage Orders have required Defendants to provide meal and rest periods to their employees.  Labor Code §§226.7 and 512 and the IWC wage orders prohibit employers from employing an employee for more than five hours without a meal period of not less than 30 minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than 30 minutes.  Section 226.7 and the applicable wage orders also require employers to provide employees ten minutes of net rest time per four

hours or major fraction thereof of work, and to pay employees their full wages during those rest periods.  Unless the employee is relieved of all duty during the 30-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal period is counted as time worked under the applicable wage orders.

63.     Under §226.7(b) and the applicable wage orders, an employer who fails to provide a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.   Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided.

64.     During the applicable statute of limitations period, Defendant has failed to provide meal and rest periods to Plaintiffs and the subclass.  As a result, Plaintiffs and the subclass are entitled to restitution pursuant to California Labor Code §226.7(b).

65.     Defendants' conduct described herein violates California Labor Code §§226.7 and 512, and the applicable wage orders.  Therefore, pursuant to Labor Code §226.7(b), Plaintiffs and the subclass are entitled to restitution for the failure to provide meal and rest periods, plus interest, penalties, attorneys' fees, expenses and costs of suit.

66.     Wherefore, Plaintiffs and the subclass request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION
**Failure to Provide Itemized Wage Statements in Violation of California Law**
(On Behalf of Plaintiffs and the California Subclass)

67.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

68.     Labor Code §226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social

security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

69. The IWC Wage Orders also establish this requirement. (*See* 8 Cal. Code Regs. §11070(7).)

70. Labor Code §226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Plaintiffs seek to recover actual damages, costs and attorneys' fees under this section.

71. Defendant has failed and continues to fail to provide timely, accurate itemized wage statements to Plaintiffs and the subclass in accordance with Labor Code §226(a) and the IWC Wage Orders. The wage statements Defendant provides its employees, including Plaintiffs and the subclass, fail to accurately record the amount of payments due to Plaintiffs and the subclass each pay period.

72. In addition, the wage statements do not accurately reflect the actual rate of pay, actual gross wages earned, actual net wages earned, or appropriate deductions.

73. Defendant is liable to Plaintiffs and the subclass alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Plaintiffs also are entitled to an award of attorneys' fees and costs as set forth below.

74. Wherefore, Plaintiffs and the subclass request relief as hereinafter provided.

### FIFTH CAUSE OF ACTION
**Failure to Timely Pay Employees in Violation of California Law**
(On Behalf of Plaintiffs and the California Subclass)

75. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

76. Labor Code §204 provides, in pertinent part:

All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month

77.     Because Defendant does not pay overtime compensation to Plaintiffs and the subclass for overtime hours worked, Defendant has failed and continues to fail to pay all of the wages due and owing to Plaintiffs and the subclass in a timely fashion.

78.     Defendant is liable to Plaintiffs and the subclass alleged herein for the civil penalties set forth below, with interest thereon.  Plaintiffs also are entitled to an award of attorneys' fees and costs as set forth below.

79.     Wherefore, Plaintiffs and the subclass request relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
**Unpaid Wages and Waiting Time Penalties in Violation of California Law**
(On Behalf of Plaintiffs and the California Subclass)

80.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

81.     Labor Code §201 provides:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

82.     Labor Code §202 Provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

83.     Plaintiffs and members of the subclass have left Defendant's employment, at which time Defendant owed Plaintiffs and those subclass members their unpaid wages.  Defendant willfully refused and continues to refuse to pay members of the subclass all the wages that were due and owing them upon the end of their employment.  As a result of Defendant's actions, Plaintiffs and the subclass have suffered and continue to suffer substantial losses, including lost earnings and interest.

84.     Defendant's willful failure to pay Plaintiffs and the subclass the wages due and owing constitutes a violation of Labor Code §§201-202.  As a result, Defendant is liable to Plaintiffs and the subclass for all unpaid wages that should have been paid pursuant to Labor Code §§201-202.

85.     In addition, §203 provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due.  Therefore, Plaintiffs and the subclass are entitled to penalties pursuant to Labor Code §203, plus interest.

86.     Plaintiffs also are entitled to an award of attorneys' fees and costs as set forth below.

87.     Wherefore, Plaintiffs and the subclass request relief as hereinafter provided.

### SEVENTH CAUSE OF ACTION
**Violation of California Business and Professions Code §§17200, *et seq.***
(On Behalf of Plaintiffs and the California Subclass)

88.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

89.     California Business and Professions Code §§17200, *et. seq.* (also referred to herein as the "Unfair Business Practices Act" or "Unfair Competition Law" or "UCL"), prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

90.     California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

91.     Labor Code §90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

92.     Beginning at an exact date unknown to Plaintiffs, but at least since the date four years prior to the filing of this suit, Defendant has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

a.   violations of the FLSA, 28 U.S.C. §207;

d.   violations of Labor Code §§510 and 1194 and IWC Wage Orders pertaining to overtime;

c.   violations of Labor Code §§226.7 and 512, and the IWC Wage Orders pertaining to meal and rest breaks;

d.   violations of Labor Code §226;

e.   violations of Labor Code §204; and

f.   violations of Labor Code §§201-203.

93.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§17200, *et. seq.*

94.    The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§17200, *et seq.* Among other things, the acts and practices have taken from Plaintiffs and the subclass wages rightfully earned, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

95.    Business and Professions Code §17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendant from repeating its unlawful, unfair and fraudulent business acts and business practices alleged above.

96.    As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and the class have suffered injury and a loss of money and property, in the form of unpaid wages that are due and payable to them.

97.    Business and Professions Code §17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition. Plaintiffs and the subclass are entitled to restitution pursuant to Business and

Professions Code §17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

98.    Business and Professions Code §17202 provides:  "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."  Plaintiffs and the subclass are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code §17202.

99.    Plaintiffs' success in this action will enforce important rights affecting the public interest and in that regard Plaintiffs sue on behalf of themselves as well as others similarly situated. Plaintiffs and the subclass seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

100.    Plaintiffs herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

101.    Wherefore, Plaintiffs and the subclass request relief as hereinafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1.    Damages and restitution according to proof at trial for all unpaid wages, unpaid overtime, and unpaid minimum wages and other injuries, as provided by the FLSA;

2.    Liquidated damages for Plaintiffs and the class for all hours worked, as provided by the FLSA;

3.    All applicable penalties for the violations set forth herein;

4.    Reasonable attorneys' fees and costs of suit, as provided by the FLSA;

5.    Designation of this action as a collective action on behalf of the proposed class; prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA class, informing them of the pendency of this action and permitting them to assert timely

1    FLSA claims in this action by filing individual Consent to Sue forms; and a further tolling of the

2    statute of limitations on the claims of all members of the FLSA class from the date this complaint

3    is filed until the class members are provided with notice of the pendency of this action and an

4    opportunity to opt-in to this action;

5          6.      For an order certifying this action as a class action on behalf of the California

6    subclass under Fed.R.Civ.P. 23, as alleged herein, appointing Plaintiffs as Class Representatives,

7    and Plaintiffs' attorneys as Class Counsel;

8          7.      For a declaratory judgment that Defendant has violated Business and Professions

9    Code §§17200, *et seq.*, as a result of the aforementioned violations of the Labor Code and of

10    California public policy protecting wages;

11         8.      For preliminary, permanent and mandatory injunctive relief prohibiting Defendant,

12    its officers, agents and all those acting in concert with Defendant, from committing in the future

13    those violations of law herein alleged;

14         9.      For an equitable accounting to identify, locate and restore to all current and former

15    employees the wages they are due, with interest thereon;

16         10.      For an award of restitution, according to proof, under the Labor Code and under

17    Business and Professions Code §§17200-17205, with interest thereon;

18         11.      For an order awarding Plaintiffs and the class lost wages and earnings, including all

19    employee benefits, and all other sums of money owed to Plaintiffs and the members of the class as

20    restitution and/or compensatory damages, together with interest on these amounts, according to

21    proof;

22         12.      For an order awarding Plaintiffs and the class civil penalties pursuant to the Labor

23    Code provisions cited herein and the Unfair Business Practices Act, with interest thereon.

24         13.      For an award of reasonable attorneys' fees as provided by California Labor Code

25    §§218.5, 226(e), 1194; California Code of Civil Procedure §1021.5; and/or other applicable law;

26         14.      For all costs of suit; and

27

28

15.    For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: October 16, 2006

THE LAW OFFICE OF CHRISTINA
DJERNAES

_Christina Djernaes_
CHRISTINA DJERNAES
Counsel for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all claims and issues for which Plaintiffs are entitled to a jury.

Respectfully submitted,

Dated: October 16, 2006

THE LAW OFFICE OF CHRISTINA DJERNAES

*Christina Djernaes*

CHRISTINA DJERNAES
Counsel for Plaintiffs