IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADHAV KAKANI, GENNADY BRIN and RANJIV JAIN, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>ORACLE CORPORATION,<br><br>    Defendant.<br>_____ / | No. C 06-06493 WHA<br><br>**NOTICE OF FURTHER SUPPLEMENTAL QUESTIONS RE CLASS SETTLEMENT PROPOSAL** |

By **FRIDAY, JUNE 15, 2007, AT NOON**, please address the following further questions:

• Since the FLSA authorizes only an opt-in procedure, by what authority can the parties force the waiver of FLSA claims by absent class members who file no claim nor opt-out?

• What exact job titles did our three plaintiffs hold (and for how long) and by what authority can they be allowed to represent other job titles (not held by them), given the typicality requirement. Be exact on the job titles to be included in the release but which were not held by plaintiffs.

• In what states did our three plaintiffs work? Oracle maintains that any and all state law claims around would be released. What is plaintiffs' position? Is this a deal breaker for Oracle?

• Does the operative complaint assert state law claims outside California?

- Defense counsel should elaborate on the reasons that plaintiffs were not typical (Br. 7).
- With respect to page 13 of the proposed notice, what is the point of "verifying" the number of weeks worked for those who do *not* submit claim forms? Are non-claimants supposed "claims" to be used to dilute the size of checks paid to those who do submit claims? How will such "verification" be done?
- What would be the maximum hourly recovery (by subclass) assuming everyone eligible submits a claim for the full amount owed. Please supply the math.

**IT IS SO ORDERED.**

Dated: June 11, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2