1  TODD M. SCHNEIDER (SB# 158253)
   TSchneider@schneiderwallace.com
2  W.H. "HANK" WILLSON, IV (SB# 233321)
   WWillson@schneiderwallace.com
3  RACHEL E. BRILL (SB# 233294)
   RBrill@schneiderwallace.com
4  SCHNEIDER & WALLACE
   180 Montgomery Street, Suite 2000
5  San Francisco, California  94104
   Telephone:  (415) 421-7100
6  Facsimile:  (415) 421-7105
   TTY:  (415) 421-1665
7
   CHRISTINA DJERNAES (SB# 177522)
8  christina@djernaeslaw.com
   LAW OFFICES OF CHRISTINA DJERNAES
9  1215 De La Vina Street, Suite K
   Santa Barbara, CA  93101
10 Telephone:  (805) 685-8189

11

   Attorneys for Plaintiffs
12 MADHAV KAKANI, GENNADY BRIN,
   RANJIV JAIN AND THE PUTATIVE CLASS
13
   Attorneys for Defendant
14 ORACLE CORPORATION
   listed on page 2 of caption
15

16                UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18

19 MADHAV KAKANI, GENNADY          CASE NO. C-06-6493 WHA
   BRIN, and RANJIV JAIN, on behalf of
20 themselves and all others similarly    **CLASS ACTION**
   situated,
21                                        **FIRST AMENDED JOINT**
22              Plaintiffs,              **STIPULATION OF CLASS ACTION**
                                         **SETTLEMENT BETWEEN**
23       vs.                            **PLAINTIFFS AND DEFENDANT;**
                                         **SETTLEMENT AGREEMENT AND**
24 ORACLE CORPORATION,                  **RELEASE**

              Defendant.
25

26

27

28

1   NANCY L. ABELL (SB# 088785)
    nancyabell@paulhastings.com
2   CYNTHIA J. EMRY (SB# 161763)
    cynthiaemry@paulhastings.com
3   ELIZABETH A. BROWN (SB# 235429)
    elizabethbrown@paulhastings.com
4   Paul, Hastings, Janofsky & Walker LLP
    515 South Flower Street
5   Twenty-Fifth Floor
    Los Angeles, CA  90071-2228
6   Telephone:  (213) 683-6000
    Facsimile:  (213) 627-0705
7
    Attorneys for Defendant
8   ORACLE CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SETTLEMENT AGREEMENT AND RELEASE

1.      This Settlement Agreement and Release is entered into by Plaintiffs Madhav Kakani, Gennady Brin and Ranjiv Jain ("Plaintiffs"), individually and on behalf of all members of the class defined herein, and Defendant Oracle Corporation ("Defendant"), subject to the approval of the Court.

## I.  DEFINITIONS

2.      As used in this Settlement Agreement, the following terms shall have the following meanings:

a.      "Claims Administrator" means RG2 Claims Administration, LLC.

b.      "Claim Form" means the form provided for Settlement Class members to submit under penalty of perjury in order to obtain a Settlement Award to this Settlement Agreement, as set forth in Exhibit B attached to this Settlement Agreement.

c.      "Claims Released," with respect to the Representative Plaintiffs, means any and all claims, demands, rights, liabilities, penalties, liquidated damages, causes of action and other legal responsibilities, of any form whatsoever, whether based upon federal, state, local, statutory or common law or any other law, rule or regulation, whether known or unknown, unforeseen, unanticipated, unsuspected, or latent, that (a) have accrued prior to the date of preliminary approval of this settlement, and (b) have been or could have been asserted by Representative Plaintiffs, or a successor or assign of Representative Plaintiffs, whether directly, indirectly, representatively, derivatively or in any other capacity, against any of the Released Parties.  The Claims Released include, but are not limited to, all claims arising under the California Labor Code §§201-203, 204, 210, 218, 218.5, 226, 226.3, 226.7, 512, 1197.1, 1194, and 1199, *et seq*.; the California Business and Professions Code §§11040, 11070, 17200, *et seq*.; the wage and hour laws of the state of Washington, including, but not limited to Wash. Rev. Code §§ 4.16.080(3), 49.46 et seq., 49.46.005 et seq., 49.46.090, and WAC 296-126 et seq., the Fair Labor

-1-

Standards Act, and the laws of contract, torts and equity, and including those claims that were asserted or could have been asserted in the Class Action, and those claims that arise out of Representative Plaintiffs' former employment with any of the Released Parties or the termination of that employment.

d.      "Claims Submission Period" means the time period commencing on the date when the Notice to Class of Proposed Settlement of Class Action and the Claim Form are mailed to the Settlement Class and ending on the date set forth in the Implementation Schedule attached as Exhibit D to this Settlement Agreement.

e.      "Class Action" means the civil action titled *Kakani, et al v. Oracle Corporation*, filed in the United States District Court for the Northern District of California, Case No. C-06-6493 WHA.

f.      "Class Counsel" means (i) Schneider & Wallace, and (ii) Law Office of Christina Djernaes.

g.      "Class Eligibility Period" means the date range during which a person employed by Defendant or by Oracle USA, Inc. within the United States in one of the Covered Job Codes and organizations listed in paragraphs 10 and 11 below is included in a Class.

h.      "Class Notice" means the Notice to Class of Proposed Settlement of Class Action to be sent to the Settlement Class, pursuant to the terms of the Court's Preliminary Approval Order.  The Class Notice shall be substantially in the form attached as Exhibit A to this Settlement Agreement.

i.      "Covered Job Codes" means the Job Codes/Job Titles within the organizations and dates listed in paragraphs 10 and 11 below.

j.       "Defendant" means Oracle Corporation (also referred to herein as "Oracle").

k.      "Effective Date" means either (a) if no objections are timely filed, the date of Final Approval of this Settlement Agreement; (b) if objections are filed but no appeal is filed, the expiration date of the time for the filing or notice of any appeal from

-2-
**FIRST AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT**

the Order Granting Final Class Action Settlement Approval; or (c) if an appeal is filed, the latest of (i) the date of final affirmance of an appeal of that Order, (ii) the expiration of the time for a petition for writ of certiorari to review the Order if affirmed and, if the certiorari be granted, the date of final affirmance of the Order following review pursuant to that grant; or (iii) the date of final dismissal of any appeal from the Order or the final dismissal of any proceeding on certiorari to review the Order that has the effect of confirming the Order.

l.      "Eligible Class Member" means: (1) all Settlement Class Members who worked in California during the Class Eligibility Period and fail to submit a timely request for exclusion from the Settlement Agreement; and (2) all Settlement Class Members who reside outside of California who timely submit a valid Claim Form and receive a Settlement Award pursuant to this Settlement Agreement.

m.      "Funds Available for Settlement" means the total amount of funds Defendant shall make available in exchange for the release of all Settled Claims by the Settlement Class Members and release of all Claims Released by the Representative Plaintiffs.  In no event shall the Funds Available for Settlement exceed the sum of Eight Million Nine Hundred Fifty Thousand Dollars ($8,950,000).

n.      "Implementation Schedule" means the dates agreed upon by counsel for the parties and approved by the Court for implementing the Settlement Agreement. The Implementation Schedule is set forth as Exhibit D to this Settlement Agreement.

o.      "Net Funds Available for Settlement" means the Funds Available for Settlement less (i) the $2,198,750 set aside as the maximum possible payment of attorneys' fees to Plaintiffs' counsel (the total amount of which will be determined by the total value of claims made by Settlement Class Members, as described in paragraph 30 below); (ii) $75,000 in Plaintiffs' counsel's costs of suit; (iii) the enhancement payment to each Representative Plaintiff as set forth in this Settlement Agreement and approved by the Court; and (iv) the costs of the administration of the settlement by the Claims Administrator.

-3-

1           p.       "Parties" means the Representative Plaintiffs and Defendant.

2           q.       "Released Parties" means (i) Defendant; (ii) past or present

3 subsidiaries, divisions, parents, and successors or assigns of Defendant, including but not

4 limited to Oracle USA, Inc.; and (iii) past or present officers, directors, shareholders,

5 partners, agents, employees, advisors, insurers, attorneys, representatives, trustees, heirs,

6 executors, administrators, and predecessors or successors or assigns of any of the

7 foregoing.

8           r.       "Representative Plaintiffs" means Madhav Kakani, Gennady Brin

9 and Ranjiv Jain (also referred to herein as "Plaintiffs").

10           s.       "Settled Claims," with respect to the Eligible Class Members

11 (excluding Representative Plaintiffs), means any and all claims that were asserted in the

12 Complaint in *Kakani, et al., on behalf of himself and others similarly situated, Plaintiffs,*

13 *vs. Oracle Corporation, Defendant,* United States District Court, Northern District of

14 California Case No. C-06-6493 WHA, whether known or unknown, against the Released

15 Parties by the Eligible Class Members or successors or assigns of any of them (whether

16 directly, indirectly, representatively, derivatively or in any other capacity), accruing any

17 time prior to the entry of the Preliminary Approval Order.  The Settled Claims include all

18 claims arising under the California Labor Code §§201-203, 204, 210, 218 - 218.6, 226,

19 226.3, 226.7, 510, 512, 1194, 1197; and the California Business and Professions Code

20 §§11040, 11070, 17200, *et seq*., and the Fair Labor Standards Act.  Any recovery

21 achieved by an Eligible Class Member who worked in a state outside California in a case

22 alleging claims under the laws of any state other than California based upon the facts

23 giving rise to the Complaint in *Kakani, et al., vs. Oracle Corporation*, United States

24 District Court, Northern District of California Case No. C-06-6493 WHA will be off-set

25 by the amount of the Settlement Award received by the Eligible Class Member pursuant

26 to this Settlement Agreement.  The Class Notice, attached hereto as Exhibit A, will

27 advise Settlement Class Members that they will be barred from any such "double

28 recovery" should they choose to participate in this Settlement Agreement.

-4-

1    t.    "Settlement Agreement" means this Agreement and all Exhibits

2  attached to it.

3    u.    "Settlement Award" means the gross payment that each Settlement

4  Class Member shall be entitled to receive pursuant to the terms of the Settlement

5  Agreement if he or she timely submits a valid Claim Form signed under penalty of

6  perjury.  The portion of the Net Funds Available for Settlement that is attributable to a

7  Settlement Award that is not so claimed by a Settlement Class Member will be returned

8  to Oracle.

9    v.    "Settlement Class" means all persons employed by Defendant or by

10  Oracle USA, Inc. in one of the Covered Job Codes and organizations listed in paragraphs

11  10 and 11 below, from the commencement date set forth therein through the date of the

12  Preliminary Approval Order as to this Settlement Agreement.  Upon a diligent and good

13  faith review of the payroll records of Defendant and Oracle USA, Inc., Defendant has

14  determined that there are approximately 1,159 individuals in the Settlement Class.

15    w.    "Settlement Class Member" means a member of the Settlement

16  Class.

17    x.    "Settlement Fairness Hearing" means the hearing to be requested by

18  the Parties and conducted by the Court, following appropriate notice to the Settlement

19  Class and an opportunity for Settlement Class Members to exclude themselves from

20  participation in the Settlement Class and the proposed settlement, at which the Parties

21  will request the Court to approve the fairness, reasonableness and adequacy of the terms

22  and conditions of the proposed settlement and this Settlement Agreement and to enter an

23  Order of Final Approval and Final Judgment.

24

25

## II.  RECITALS

26    3.    Plaintiffs filed this class action Complaint in the United States District Court

27  for the Northern District of California on October 17, 2006.

28

4. On May 7, 2007, the Parties participated in mediation in San Francisco, California before David Rotman, Esq., an experienced mediator. At the conclusion of this mediation, the Parties reached a settlement subject to Court approval.

5. Class Counsel and Counsel for Defendant have made disclosures pursuant to Rule 26, taken depositions and written discovery, and investigated the facts relating to the claims alleged and have made a thorough study of the legal principles applicable to the claims asserted against Defendant. Counsel for the Parties agree that there are numerous issues of fact and disputed legal issues relating to the claims sought to be asserted in the Class Action.

6. Based upon Class Counsel's discovery and investigation and taking into account the sharply contested legal and factual issues involved, the expense and time necessary to prosecute the Class Action through trial, the risks, uncertainty and costs of further prosecution, the difficulty of proof necessary to establish a class for purposes of liability, the uncertainties of complex litigation and the relative benefits conferred upon the Settlement Class pursuant to this Settlement Agreement, Class Counsel has concluded that a settlement with Defendant on the terms set forth in this Settlement Agreement is fair, reasonable, adequate and in the best interests of the Representative Plaintiffs and the Settlement Class.

7. Defendant has asserted defenses to the claims alleged in the Class Action and expressly denies each of the claims asserted against it and any and all liability arising out of the conduct alleged in the Class Action. Defendant contends, among other things, that it has complied at all times with the Fair Labor Standards Act, the California Labor Code, the California Business & Professions Code, and the applicable state wage-and-hour laws, and that it paid all Representative Plaintiffs and Settlement Class Members all wages and other payments owing to them under all applicable federal and state laws. Defendant contends, specifically, that all Representative Plaintiffs and Settlement Class Members were properly classified as exempt in that they spent the majority of their time engaged in work that caused them to fall within the scope of one or more exemptions,

1   including the executive, professional, outside sales, and/or administrative exemptions (in

2   that their work was directly related to the general business operations of Defendant

3   and/or its customers and they exercised discretion and independent judgment as to

4   matters of significance in performing it), and/or they come within the scope of the highly

5   compensated exemption in that they earned total non-discretionary compensation during

6   a 52-week period of at least $100,000 and otherwise fulfilled the requirements of that

7   exemption.  Defendant nevertheless desires to settle the Class Action.  Defendant has

8   concluded that further defense of the Class Action would be protracted and expensive.

9   Substantial amounts of time, energy and resources of Defendant have been and, unless

10  this settlement is made, will continue to be devoted to the defense of the claims asserted

11  in the Class Action.  Defendant has, therefore, agreed to settle in the manner and upon

12  the terms set forth in this Settlement Agreement in order to put to rest the claims as set

13  forth in the Class Action.

14          8.      For purposes of settling this lawsuit, the parties stipulate and agree that the

15  requisites for establishing class certification with respect to the Class as defined above

16  have been met and are met.  Defendant submits that, for any purpose other than that of

17  settling this lawsuit, however, this action is not appropriate for class treatment.  The

18  parties agree that evidence of this limited stipulation for settlement purposes only will not

19  be deemed admissible for any purpose in this or any other proceeding.  It is the position

20  of Defendant that if this case were to be litigated, class certification would be

21  inappropriate, *inter alia*, because individual issues predominate and that it would prevail

22  on the merits.

23          9.      NOW THEREFORE, IT IS HEREBY AGREED, BY AND BETWEEN the

24  undersigned, that the Class Action shall be settled, subject to the approval of the Court,

25  pursuant to the following terms and conditions:

26

27                          **III.  THE CLASS DEFINITION**

28

Case No. C-06-6493 WHA

**FIRST AMENDED JOINT STIPULATION OF**
**CLASS ACTION SETTLEMENT**

10.   <u>California Class Definitions</u>.  For settlement purposes only, the Parties agree that two classes may be certified in the Class Action, pursuant to Federal Rule of Civil Procedure 23, defined as: (1) All individuals who were employed in one of the job codes and job titles below at Defendant or Oracle USA, Inc. in the State of California between October 17, 2002 and the date(s) that Defendant or Oracle USA, Inc. made those individuals (or the individuals in their job code(s)) eligible for overtime compensation, for the purposes of Plaintiffs' claims for alleged unpaid overtime and waiting time penalties, and interest on those amounts alleged in the Complaint (the "California overtime class"); and (2) All individuals who are currently employed, or formerly have been employed, in one of the job codes and job titles below at Defendant or Oracle USA, Inc. in the State of California between October 17, 2002 and the date of preliminary approval of the Settlement Agreement, for the purposes of Plaintiffs' claims for alleged missed meal and rest periods, record-keeping and other wage-hour penalties and interest on those amounts alleged in the Complaint (the "California penalties class").

**California Overtime Class:**

| Covered Job Codes | Covered Job Titles |
|---|---|
| 9001 | Associate Sales Consultant, Applications or Technology Sales Consultant |
| 9101 | Staff Sales Consultant |
| 9201 | Senior Sales Consultant |
| 91500 | LAD Associate Sales Consultant |
| 91510 | LAD Staff Sales Consultant |
| 93841 | Technologist 1 |
| 93842 | Technologist 2 |
| 93843 | Technologist 3 |
| **Covered Job Codes** | **Covered Job Titles in Oracle Direct** |

| 9001 | Associate Sales Consultant, Associate Internet Sales Consultant |
|---|---|
| 9101 | Staff Sales Consultant, Staff Internet Sales Consultant |
| 9201 | Senior Sales Consultant, Senior Internet Sales Consultant |
| **Covered Job Codes** | **Covered Job Titles in Oracle Education** |
| 9001 | Associate Sales Consultant, Associate Telesales Sales Consultant |
| 9101 | Staff Sales Consultant, Staff Telesales Sales Consultant |
| 9201 | Senior Sales Consultant, Senior Telesales Sales Consultant |

### California Penalties Class:

| **Covered Job Codes** | **Covered Job Titles** |
|---|---|
| 9001 | Associate Sales Consultant, Applications or Technology Sales Consultant |
| 9101 | Staff Sales Consultant |
| 9201 | Senior Sales Consultant |
| **Covered Job Codes** | **Covered Job Titles in Oracle Direct** |
| 9001 | Associate Sales Consultant, Associate Internet Sales Consultant |
| 3410 | Associate Sales Consultant, Associate Internet Sales Consultant |
| 3420 | Staff Sales Consultant, Staff Internet Sales Consultant |
| 3430 | Senior Sales Consultant, Senior Internet Sales Consultant |
| **Covered Job Codes** | **Covered Job Titles in Oracle Education** |
| 9001 | Associate Sales Consultant, Associate Telesales Sales Consultant |
| 9810 | Associate Sales Consultant, Associate Telesales Sales Consultant |
| 9820 | Staff Sales Consultant, Staff Telesales Sales Consultant |
| 9830 | Senior Sales Consultant, Senior Telesales Sales Consultant |

-9-

11.     Fair Labor Standards Act ("FLSA") Collective Action: For settlement purposes only, the Parties agree that this action also is certified as a Fair Labor Standards Act collective action, defined as all individuals who were employed in one of the job codes and job titles below at Defendant or Oracle USA, Inc. in the United States but outside the State of California between October 17, 2003 and the date(s) that Defendant or Oracle USA, Inc. made those individuals (or the individuals in their job code(s)) eligible for overtime compensation, for the purposes of Plaintiffs' claims for alleged unpaid overtime, liquidated damages, and interest alleged in the Complaint: (the "non-California class" or "the FLSA class").

| Covered Job Codes | Covered Job Titles |
|---|---|
| 9001 | Associate Sales Consultant, Applications or Technology Sales Consultant |
| 9101 | Staff Sales Consultant |
| 9201 | Senior Sales Consultant |
| 91500 | LAD Associate Sales Consultant |
| 91510 | LAD Staff Sales Consultant |
| 93841 | Technologist 1 |
| 93842 | Technologist 2 |
| 93843 | Technologist 3 |
| **Covered Job Codes** | **Covered Job Titles in Oracle Direct** |
| 9001 | Associate Sales Consultant, Associate Internet Sales Consultant |
| 9101 | Staff Sales Consultant, Staff Internet Sales Consultant |
| 9201 | Senior Sales Consultant, Senior Internet Sales Consultant |
| **Covered Job Codes** | **Covered Job Titles in Oracle Education** |
| 9001 | Associate Sales Consultant, Associate Telesales Sales Consultant |

| 9101 | Staff Sales Consultant, Staff Telesales Sales Consultant |
|------|------------------------------------------------------------|
| 9201 | Senior Sales Consultant, Senior Telesales Sales Consultant |

12.     Exclusion from Settlement Entitlement.  No Funds Available for Settlement are allocated to time that any current or former Oracle employee worked as a Principal Sales Consultant, Master Principal Sales Consultant or TL Sales Consultant.

13.     Null and Void Absent Court Approval.  If this Settlement Agreement and the settlement it memorializes is not finally approved by the Court, then this agreement for certification shall become null and void, and any Court order certifying the class shall be vacated without prejudice to the right of the Parties to seek or oppose certification.

## IV.  RELEASES

14.     Release by Representative Plaintiffs and Eligible Class Members.  It is hereby agreed, by and between the Representative Plaintiffs and Defendant, through their respective counsel of record, and subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, and without admission of any liability or wrongdoing whatsoever by Defendant, that upon entry of the Order and Final Judgment: (a) Representative Plaintiffs shall be deemed to have released and forever discharged the Released Parties from any and all Claims Released, whether known or unknown; and (b) each Eligible Class Member shall be deemed to have jointly and severally released and forever discharged the Released Parties from any and all Settled Claims, whether known or unknown.

15.     Release of Unknown Claims.

a.      By the Representative Plaintiffs.  Notwithstanding any other provision of this Settlement Agreement, this Agreement is intended by the Parties to be a general release and a covenant not to sue as to Representative Plaintiffs (but not as to other members of the Settlement Class), which extinguishes all claims and precludes any attempt by Representative Plaintiffs to file or continue prosecution of a lawsuit, or

1   otherwise pursue an individual claim for relief with any local, state or federal agency

2   against the Released Parties regarding any matter, incident or thing which occurred or

3   regarding any omission prior to the date of execution of this Settlement Agreement.  The

4   Claims Released as defined by Paragraph 2.c. include any unknown claims that

5   Representative Plaintiffs do not know or suspect to exist in their favor at the time of the

6   release, which, if known by them, might have affected their respective settlements with,

7   and release of, the Released Parties or might have affected their respective decisions not

8   to object to this Settlement.  With respect to the Claims Released, Representative

9   Plaintiffs stipulate and agree that, upon the Effective Date, they shall be deemed to have,

10  and by operation of the Final Judgment shall have, expressly waived and relinquished, to

11  the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of

12  the California Civil Code, or any other similar provision under federal or state law, which

13  provides:

14      A general release does not extend to claims which the creditor does not know or

15      suspect to exist in his or her favor at the time of executing the release, which if

16      known by him or her must have materially affected his or her settlement with the

17      debtor.

18  Representative Plaintiffs may hereafter discover facts in addition to or different from

19  those they now know or believe to be true with respect to the subject matter of the Claims

20  Released, but upon the Effective Date, they shall be deemed to have, and by operation of

21  the Final Judgment shall have, fully, finally, and forever settled and released any and all

22  of the Claims Released, whether known or unknown, suspected or unsuspected,

23  contingent or non-contingent, which now exist, or heretofore have existed, upon any

24  theory of law or equity now existing or coming into existence in the future, including, but

25  not limited to, conduct that is negligent, intentional, with or without malice, or a breach

26  of any duty, law or rule, without regard to the subsequent discovery or existence of such

27  different or additional facts.

28

---

Case No. C-06-6493 WHA

-12-

**FIRST AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT**

b.      By the Eligible Class Members.  Notwithstanding any other provision of this Settlement Agreement, this Agreement is intended by the Parties to be a release and a covenant not to sue as to the Eligible Class Members which extinguishes all Settled Claims and precludes any attempt by the Eligible Class Members to file or continue prosecution of a lawsuit, or otherwise pursue an individual claim for relief with any local, state, or federal agency or court against the Released Parties with respect to the Settled Claims.  The Settled Claims, as defined at Paragraph 2.s., include any unknown claims that the Eligible Class Members do not know or suspect to exist in their favor at the time of the release, which, if known by them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision not to object to this Settlement.  With respect to the Settled Claims, the Parties stipulate and agree that, upon the Effective Date, the Eligible Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Eligible Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Settled Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Settled Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law

or rule, without regard to the subsequent discovery or existence of such different or additional facts.

    c. <u>Release Language on Settlement Checks</u>.  Defendant shall be entitled to include the following release language on the back of each settlement check:

> My signature or negotiation of this check constitutes a full and complete release of Oracle Corporation and its subsidiary and affiliated entities, and their officers and employees, by me for any and all claims asserted in the Complaint in *Kakani, et al., Plaintiffs, vs. Oracle Corporation, Defendant*, U. S. District Court, Northern District of California Case No. C-06-06493 WHA, up to and including the date of preliminary Court approval of the settlement, as well as my acknowledgement that I accept this check as payment in full for all claims alleged in the Complaint.

## V.  CLASS NOTICE, CLAIMS PROCESS AND SETTLEMENT FAIRNESS HEARING

  16. <u>Procedures</u>.  As part of this Settlement Agreement, the Parties agree to the following procedures for obtaining the Court's preliminary approval of the Settlement Agreement, certifying the Settlement Class, notifying the Settlement Class, obtaining final Court approval of the Settlement Agreement and processing the Settlement Awards:

  17. <u>Preliminary Approval Hearing Date</u>.  The Parties have requested and obtained a July 5, 2007 hearing date before the Court for preliminary approval of the Settlement Agreement and for an order certifying the Settlement Class for settlement purposes only.

  18. <u>Submission of Settlement Agreement</u>.  The parties will jointly submit this Settlement Agreement and supporting papers, which shall set forth the terms of this settlement and will include proposed forms of all notices and other documents as attached hereto necessary to implement the Settlement Agreement.

19.    <u>Request for Preliminary Approval Order</u>.  Solely for purposes of this Settlement Agreement, the parties will request the Court to enter a Preliminary Approval Order, preliminarily approving the proposed settlement, certifying the Settlement Class for settlement purposes only, and setting a date for the Settlement Fairness Hearing.  The Preliminary Approval Order shall provide for notice of the Settlement Agreement and related matters to be sent to the Settlement Class as specified herein.

20.    <u>Class Notice</u>.  Notice of the settlement shall be provided to the Settlement Class.  The Parties believe and agree that the proposed procedures for notice provide the best practicable notice to the Settlement Class.

a.    The Claims Administrator shall be responsible for preparing, printing and mailing to all members of the Settlement Class the Class Notice and Claim Form attached to this Settlement Agreement as directed by the Court.

b.    No later than the date specified in the Implementation Schedule, the Claims Administrator shall send a copy of the Class Notice in the form attached hereto as Exhibit A, and a Claim Form in the form attached hereto as Exhibit B, to all members of the Settlement Class via first-class mail, postage prepaid, using the most current mailing address information available to and provided the Claims Administrator by Defendant as of the date of mailing.

c.    In order to provide the best notice practicable, the Claims Administrator will do all of the following *before* mailing the Class Notice and Claim Form: (1) receive the last-known addresses, telephone numbers, and social security numbers of the Settlement Class Members; (2) run this class list through the United States Postal Service's National Change of Address database ("NCOA"); (3) perform address searches using public and proprietary electronic resources which collect their data from various sources such as utility records, property tax records, motor vehicle registration records (where allowed) and credit bureaus; and (4) call last-known telephone numbers (and telephone numbers updated through public and proprietary databases) to contact Settlement Class Members to obtain their current addresses..

-15-

1          d.      Oracle shall provide the Class Notice in the form attached hereto as

2  Exhibit A to all of the Settlement Class Members still employed with Oracle by sending

3  it to their workplace addresses through Oracle's internal mail system.

4          e.      Oracle shall provide the Class Notice in the form attached hereto as

5  Exhibit A to all of the Settlement Class Members still employed with Oracle by sending

6  it to their work email addresses.

7          f.      In addition, the Class Notice in the form attached hereto as Exhibit A

8  shall be posted on the website of Class Counsel, and on the website www.oracleovertime

9  classaction.com, for the duration of the notice and claims period as defined in the

10  Implementation Schedule attached hereto as Exhibit D.

11         g.      Finally, any Class Notice returned to the Claims Administrator as

12  non-delivered before the deadline set forth in the Implementation Schedule for Class

13  Members to mail Claim Forms shall be sent to the forwarding address affixed thereto.  If

14  no forwarding address is provided for a Class Notice that is returned as non-delivered,

15  then such Class Notices will be re-sent by the Claims Administrator after the address is

16  updated using the procedures described in paragraph 20.c.  The undelivered Class

17  Notices will be re-sent within five days after the Claims Administrator receives notice

18  that the Class Notice was undeliverable.

19         h.      In the event the procedures in this Paragraph 20 are followed,

20  Defendant shall be deemed to have satisfied its obligation to provide Class Notice to a

21  member of the Settlement Class, and if an intended recipient who is an Eligible Class

22  Member does not receive the Class Notice, the Eligible Class Member shall nevertheless

23  be bound by all terms of the Settlement Agreement and the Final Order.

24         i.      The objection and opt-out deadlines shall not be extended for

25  members of the Settlement Class whose original notices are re-mailed pursuant to

26  Paragraph 20.h .

27         j.      No Class Member shall have the right to obtain any payment through

28  this Settlement Agreement unless the Class Member submits a complete Claim Form,

1   signed under penalty of perjury, on or before the deadline set forth in the Implementation

2   Schedule, except to the extent that the Claims Administrator, upon agreement by all

3   counsel, determines that there is good cause to extend the date for mailing a particular

4   Claim Form, or to the extent that the Court finds good cause to extend the date for

5   mailing a particular Claim Form.

6        21.    Objections and Exclusions.  Objections to the settlement and/or requests for

7   exclusion from the Settlement Class, if any, shall be made using the procedures set forth

8   below.

9            a.    Objections.  The Class Notice shall provide that those members of

10   the Settlement Class who wish to object to the settlement must mail a written statement

11   of objection ("Notice of Objection") in the form attached as Exhibit C, on or before the

12   date set forth in the Implementation Schedule (60 days from the date of mailing of the

13   Class Notice and Claim Form), to the Claims Administrator, RG2 Claims Administration

14   LLC, P.O. Box 59479, Philadelphia, PA 19102-9479.  The postmark date of the mailing

15   shall be the exclusive means for determining that a Notice of Objection is timely.  The

16   Notice of Objection must state the basis for the objection.  Members of the Settlement

17   Class who fail to make objections in the manner specified above shall be deemed to have

18   waived any objections and shall be foreclosed from making any objection (whether by

19   appeal or otherwise) to the Settlement Agreement.  All members of the Settlement Class

20   who file a Notice of Objection must make themselves available upon reasonable notice

21   for a deposition taken by the proponents of the settlement, if any proponent of the

22   settlement chooses to take the deposition.

23            b.    Exclusions/Opt Outs.  The Class Notice shall provide that Settlement

24   Class Members who wish to exclude themselves from the settlement must submit a

25   written statement requesting exclusion from the class, postmarked on or before the date

26   specified in the Implementation Schedule (60 days from the date of mailing of the Class

27   Notice and Claim Form).  Such written request for exclusion must contain the name,

28   address and telephone number of the person requesting exclusion and the years of his or

his employment by Defendant.  The opt out must be personally signed by the Settlement

Class Member who seeks to opt out.  No opt out request may be made on behalf of a

group of Settlement Class Members.  The opt-out request must be sent by mail to the

Claims Administrator and must be postmarked on or before the date specified in the

Implementation Schedule, except that the Claims Administrator may, upon consultation

with counsel for all parties and good cause shown, extend the due date for mailing the opt

out request.  The postmark date of the mailing envelope shall be the exclusive means

used to determine whether a request for exclusion (opt out) has been timely submitted.

Any member of the Settlement Class who requests exclusion (opts out) of the settlement

will not be entitled to any Settlement Award and will not be bound by the Settlement

Agreement or have any right to object, appeal or comment thereon.  Settlement Class

Members who have worked in California and fail to submit a timely request for exclusion

on or before the date specified in the Implementation Schedule, and Settlement Class

Members who have worked outside of California who timely submit a valid Claim Form

and receive a Settlement Award pursuant to this Settlement Agreement shall be bound by

all terms of the Settlement Agreement and the Final Order, regardless of whether they

otherwise have requested exclusion from the settlement.

22.    No Encouragement of Objections, Opt Outs or Appeals.  At no time shall

any of the Parties or their counsel seek to solicit or otherwise encourage members of the

Settlement Class to submit written objections to the settlement or requests for exclusion

from the settlement, or appeal from the Order and Final Judgment.

23.    Determination of Settlement Award Eligibility.

a.    Submission of Valid Claim Form.  All Eligible Class Members who

have submitted a valid and timely Claim Form will be eligible to receive a Settlement

Award.  The Claim Form shall include instructions on how to submit the form, and shall

notify recipients that the form must be completed, signed under penalty of perjury and

postmarked by no later than the date specified in the Implementation Schedule.  Except

as specified in Paragraphs 20.j and 23.b, the date of the postmark on the return envelope

-18-

1    shall be the exclusive means used to determine whether an Eligible Class Member has

2    timely returned his/her Claim Form.

3                   b.    Late Claim Forms.  The Claims Administrator shall not review or

4    consider any Claim Form postmarked after the end of the Claims Submission Period or

5    make any distribution with respect to any Claim Form postmarked after the end of the

6    Claims Submission Period, except as the Court approves or the Parties agree as set forth

7    herein.

8                   c.    Binding Effect of Dismissal and Release on Late Claimants.

9    Settlement Class Members who have worked in California and fail to submit a timely

10   request for exclusion on or before the date specified in the Implementation Schedule, and

11   Settlement Class Members who have worked outside of California who timely submit a

12   valid Claim Form and receive a Settlement Award pursuant to this Settlement Agreement

13   shall be bound by all of the terms of the Settlement Agreement and the Final Order and

14   Dismissal with Prejudice.

15          24.    Interim Report by the Claims Administrator.  No later than fourteen (14)

16   days prior to the date of the Settlement Fairness Hearing, the Claims Administrator shall

17   provide counsel for the Parties with a declaration setting forth: (a) due diligence and

18   proof of mailing of the Class Notice; (b) the total number of Settlement Class Members

19   who were sent the Class Notice; (c) the total number of Settlement Class Members who

20   submitted complete, accurate and timely Claim Forms; (d) the total number of Settlement

21   Class Members who submitted claims that were contested and the number of such

22   contested claims that were granted; (e) the total number of Settlement Class Members

23   who filed complete, accurate and timely Requests for Opt-Out or Exclusion from the

24   Class Action, including complete copies of all such Requests, including the postmark

25   dates for each; and (f) the total number of Settlement Class Members who filed timely

26   objections to the settlement, along with the complete copies of all objections received,

27   including the postmark dates for each objection.  The Claims Administrator shall provide

28   an updated declaration on these matters three (3) days prior to the date of the Settlement

Fairness Hearing if any changes or additions have occurred, and again the business day after the Effective Date of the Settlement or such other later date as the Court or the Parties may agree upon.

25.   Settlement Fairness Hearing.  Upon expiration of the deadline for requesting exclusion from the settlement as set forth in the Implementation Schedule, the Court shall conduct a Settlement Fairness Hearing to determine final approval of the settlement along with the amounts properly payable for (i) attorneys' fees and costs; (ii) the payment to each Representative Plaintiff for his time and effort in bringing and prosecuting this matter, and (iii) the costs of administration of the settlement.  Upon final approval of the settlement by the Court at or after the Settlement Fairness Hearing, the Parties shall present the Final Order to the Court for its approval and entry.  After entry of the Order, the Court shall have continuing jurisdiction for purposes of addressing (i) settlement administration matters; (ii) such post-Final Order matters as may be appropriate under Court rules or as set forth in this Settlement Agreement; and (iii) ruling on the stipulated request for dismissal of entire action with prejudice when all aspects of the settlement have been consummated.

26.   Implementation Schedule.  The Representative Plaintiffs and Defendant agree that the Implementation Schedule shall govern implementation of the Settlement Agreement, and that the dates set forth in the Implementation Schedule shall only be continued based on (1) the mutual consent of counsel for the Parties, (2) delays due to the Court's schedule, or (3) by Order of the Court based on good cause shown.

# VI.  SETTLEMENT FUNDS AND SETTLEMENT AWARD CALCULATION

27.   Funds Available for Settlement.

a.   Deposit.  Within five (5) days after the Court's grant of Preliminary Approval of the Settlement Agreement and subject to the conditions specified in this Settlement Agreement, Defendant shall deliver to the Claims Administrator the entirety

-20-

of the Funds Available for Settlement, Eight Million Nine Hundred Fifty Thousand ($8,950,000), for deposit into an interest-bearing qualified settlement fund (in an institution and type of account to which the Parties mutually agree).  All payments that Defendant is required to make with respect to this Settlement Agreement shall be made from the Funds Available for Settlement.  The delivery of the Funds Available for Settlement to the Claims Administrator shall constitute full and complete discharge of the payment obligation of Defendant under this Agreement.  No Released Party shall have any further obligation or liability for any payment under this Agreement to Representative Plaintiffs or to the Eligible Class Members.

b.     Disbursement by Claims Administrator.  These funds may be accessed by the Claims Administrator to make all of the payments described in this Agreement.  If this Settlement Agreement is not approved in full, or is terminated, rescinded, canceled or fails to become effective for any reason, and the Effective Date does not occur, then, except for those funds necessary to compensate the Claims Administrator for the work it performed prior to the date it was instructed by the Parties collectively or the Court to cease its work on this settlement, (i) no Funds Available for Settlement shall be paid or payable, and (ii) all funds deposited by Defendant pursuant to this Settlement Agreement shall be returned to it by the Claims Administrator.

c.     Interest.  The interest on the funds deposited by Defendant will inure *pro rata* to the party to whom the underlying funds are ultimately paid out.

d.     Reversion to Defendant.  The Claims Administrator will pay to Defendant any unclaimed settlement funds and the interest on those unclaimed settlement funds.  Unclaimed settlement funds include (i) the amount of all Settlement Awards that would have been made to those who timely opted out of the settlement; (ii) the amount of the un-cashed settlement checks issued to those Eligible Class Members who submitted Claim Forms but did not cash their settlement checks within 180 days of the date they were issued; and (iii) the amount of Settlement Awards that would have been given to those who failed to timely submit a Claim Form but did not opt out of the settlement.

28.    <u>Maximum for Defendant</u>.  The Funds Available for Settlement shall, in the aggregate, be the maximum total amount Defendant can be required to pay for all purposes under this Settlement Agreement.  The Parties expressly understand that if fewer than all Settlement Class Members submit Claim Forms, the total amount ultimately paid by Defendant will be less than the Funds Available for Settlement.

29.    <u>Order of Payments</u>.  Before any Settlement Awards are paid to Eligible Class Members, the Claims Administrator shall make payments from the Funds Available for Settlement pursuant to Paragraph 30 below for (a) the time and effort enhancement payment to each of the Representative Plaintiffs specified in this Agreement and approved by the Court; (b) the attorneys' fees and costs to Class Counsel awarded by the Court; and (c) the costs of administration of this settlement by the Claims Administrator.  Once the payments designated above have been made, the balance remaining shall constitute the Net Funds Available for Settlement from which Settlement Awards shall be calculated for each Settlement Class Member, including those who do not submit a claim or collect any Settlement Award.  The Settlement Awards will be distributed only to those Eligible Class Members who timely submit valid Claim Forms under penalty of perjury and do not opt out of the settlement.  The portion of the Net Funds Available for Settlement that is attributable to a Settlement Award that is not so claimed by a Settlement Class Member will be returned to Oracle.

30.    <u>Representative Plaintiff, Class Counsel and Costs of Administration Fees</u>.  Subject to Court approval and for purposes of effectuating this Settlement Agreement, the following amounts shall be paid by the Claims Administrator from the Funds Available for Settlement:

a.    <u>Time and Effort Payments to Representative Plaintiffs</u>.  Subject to Court approval and in exchange for the broad release of all Claims Released, the three Representative Plaintiffs each shall be paid the sum of Five Thousand Dollars ($5,000) in addition to their respective Settlement Awards.  These payments shall be paid to Representative Plaintiffs to compensate them for the time and effort they expended

responding to discovery requests, traveling to and sitting for deposition, conferring with Class Counsel, and facilitating the settlement of this Class Action.  Defendant shall issue a Form 1099 for these payments.

b.  <u>Class Counsel</u>.

(i)  Class Counsel shall make a motion for attorneys' fees under Fed.R.Civ.P. 23(h) in the amount of twenty-five percent (25%) of the total value of the claims made and no more than Seventy-five Thousand Dollars ($75,000) for all costs (including all expert and consultant fees and costs) incurred for work already performed in this case and all of work remaining to be performed in this case, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented and obtaining dismissal of the action.  Said fees and costs are included in the Funds Available for Settlement.  The calculation of said fees and costs will be made as follows: (1) $2,198,750, or 25% of the Net Funds Available for Settlement, will be set aside in the event that all Settlement Class Members make timely and valid claims; (2) if less than 100% of Settlement Class Members make timely claims, Class Counsel shall be paid 25% of the total value of the claims made from the $2,198,750 set-aside described in (1); (3) the difference between the $2,198,750 set-aside and the actual amount paid to Class Counsel as attorneys' fees will be paid as a second distribution to Eligible Class Members who made a timely and valid claim, with 25% of that amount going to Class Counsel to fully and accurately reflect their 25% fee.  However, any reasonable attorneys' fees incurred by Class Counsel and awarded by the Court pursuant to Paragraph 31.h. shall be in addition to the fees provided in this Paragraph.

(ii)  Defendant and its attorneys agree not to oppose any application or motion by Class Counsel for attorneys' fees and costs up to those amounts, so long as any such application or motion is consistent with the provisions of this Settlement Agreement, and Class Counsel agrees not to petition the Court for any additional payments for fees, costs or interest except as provided in Paragraph 31.f.

1                (iii)    The Claims Administrator shall pay the attorneys' fees and

2 costs set forth above in Paragraph 30.b. on the first business day following the Effective

3 Date.

4                (iv)    The attorneys' fees and costs payment approved by the Court

5 pursuant to Paragraph 30.b. shall constitute full satisfaction of Defendant's and/or any of

6 the Released Parties' obligations to pay amounts to any person, attorney or law firm for

7 attorneys' fees, expenses or costs in the Class Action incurred on behalf of the

8 Representative Plaintiffs and/or the Settlement Class, and shall relieve Released Parties

9 from any other claims or liability to any other attorney or law firm for any attorneys'

10 fees, expenses and/or costs to which any of them may claim to be entitled on behalf of

11 the Representative Plaintiffs and/or the Settlement Class.  Class Counsel further agrees

12 that any allocation of fees between or among Class Counsel and any other attorney

13 representing a Representative Plaintiff and/or the Settlement Class shall be the sole

14 responsibility of Class Counsel, and Class Counsel agrees to indemnify and hold

15 harmless Defendant from any claim or liability by any other party claiming or seeking to

16 claim any attorney fees or costs.

17                (v)    At the Settlement Fairness Hearing, the Court shall have the

18 power to reallocate the fee portion of the proposed settlement as between Class Counsel

19 and Eligible Class Members in a manner that gives to Eligible Class Members, rather

20 than Class Counsel, some of the amount designated herein as fees, so long as the total

21 amount to be paid by Defendant is not increased from the amount provided in this

22 Settlement Agreement.  If the Court reallocates some portion of the attorneys' fees,

23 counsel for the parties will meet and confer and will subsequently present the Court with

24 an allocation plan for those funds.  Notwithstanding any other provision in this

25 Settlement Agreement, Representative Plaintiffs may appeal any reduction in the award

26 of attorneys' fees and costs.

27                (vi)    A Form 1099 shall be provided to Class Counsel for the

28 payments made pursuant to Paragraph 30.b.  Class Counsel shall be solely and legally

-24-

1    responsible to pay any and all applicable taxes on the payment made pursuant to

2    Paragraph 31.b.  Class Counsel agrees to indemnify and hold harmless Defendant from

3    any claim or liability for taxes, penalties or interest for which Class Counsel is

4    responsible as a result of the payment or any allocation of the payment made pursuant to

5    Paragraph 31.b.

6            c.    Costs of Administration.  Neither the Settlement Class nor Class

7    Counsel shall have any responsibility or liability with respect to any administration costs

8    incurred in connection with the administration of, and the distribution from, the Net

9    Funds Available for Settlement.  All fees, costs, expenses and other claims administration

10   by the Claims Administrator shall be paid from the Funds Available for Settlement as set

11   forth in this Settlement Agreement.  The Claims Administrator shall, no later than 10

12   days before the Preliminary Approval Hearing, provide the Court and counsel for the

13   Parties with an estimate of such costs of administration (which at this time are not

14   expected to exceed Sixty Thousand Dollars ($60,000)).  Ten days prior to the Settlement

15   Fairness Hearing, the Claims Administrator shall provide the Court and counsel for the

16   Parties with a statement detailing the costs of administration.  The Parties agree to

17   cooperate in the settlement administration process and to make all reasonable efforts to

18   control and minimize the costs and expenses incurred in the administration of the

19   settlement.

20          31.   Settlement Awards to Eligible Class Members.  Solely for purposes of

21   effectuating this Settlement Agreement and in exchange for the release of Settled Claims

22   by the Eligible Class Members and release of Claims Released by Representative

23   Plaintiffs, an Eligible Class Member or Representative Plaintiff who submits a timely and

24   properly completed Claim Form (as set forth in the attached Exhibit B) to the Claims

25   Administrator shall be paid a Settlement Award from the Net Funds Available for

26   Settlement.  The Claims Administrator, subject to Court approval, shall be responsible

27   for receiving and reviewing the Claim Forms submitted by members of the Settlement

28   Class and for determining eligibility for, and amount of, the Settlement Awards to be

paid to Eligible Class Members.  The Claims Administrator will receive or have access to personnel and payroll records from Defendant that will permit it to verify each Eligible Class Member's Settlement Award as follows:

a.  The Claims Administrator will verify the number of weeks worked by each member of the Settlement Class (whether or not he/she submits a Claim Form) in each of the three Settlement Classes during the Class Eligibility Period.  Five business days of work shall equal one week of work for this computation; a day of paid time off and a paid holiday each shall be counted as a business day of work for purposes of this computation only.  Time on any leave of absence will not count toward any week worked.  Each week worked in one of the three Settlement Classes during the Class Eligibility Period will count as one Settlement Share.  A member of the Settlement Class based in one State who was temporarily assigned to work in another State shall be deemed to have been employed in the State where he or she was based.

b.  The Claims Administrator will multiply each week worked as follows to determine the total number of outstanding Settlement Shares:

i.  all weeks in the California overtime class by 7;

ii.  all weeks in the California penalties class by 1; and

iii.  all weeks in the non-California class by 6.

c.  The sum of the calculation performed pursuant to Paragraph 31.b. above shall equal the total number of Settlement Shares outstanding.

d.  The Claims Administrator will multiply each week worked by each Settlement Class member as follows to determine the total number of Settlement Shares that each Settlement Class member will receive:

i.  all weeks worked by each Settlement Class member in the California overtime class by 7;

ii.  all weeks worked by each Settlement Class member in the California penalties class by 1; and

iii.    all weeks worked by each Settlement Class member in the non-California class by 6.

e.    An Eligible Class Member's Settlement Award will be calculated by (i) dividing the total number of his/her Settlement Shares (calculated pursuant to subparagraph d) by the total number of Settlement Shares outstanding; and (ii) multiplying that percentage by the Net Funds Available for Settlement.  For example, if there are 500,000 total Settlement Shares and Eligible Class Member Sally Garcia worked 10 weeks in California and 90 weeks outside of California, her Settlement Award would be calculated:

- California overtime class:  10 shares x 7 = 70 Settlement Shares
- California penalties class:  10 shares x 1 = 10 Settlement Shares
- Non-California class: 90 shares x 6 = 540 Settlement Shares.

=    134 Settlement Shares ÷ 500,000 total Settlement Shares

=    0.00108 x Net Funds Available for Settlement

- If the Net Funds Available for Settlement (hypothetically) are $6,596,250, then Sally Garcia's initial Settlement Award would be $7,124.

- If, for example, 90% of the Settlement Class Members make timely and valid claims, then the difference between the amount initially set aside for Class Counsel's attorneys' fees ($2,198,750) and the actual amount paid to Class Counsel in attorneys' fees (25% of total claims made, or .25 x Net Funds Available for Settlement x .9, or $1,484,156.25), which equals $714,593.75, minus 25% for fees for Class Counsel, will be paid to Settlement Class Members who made timely and valid claims in a second distribution.

- Thus, Sally Garcia's second distribution would be:

=    0.000268 x second distribution amount ($714,593.75 x. 75)

=    $579.

f.    All eligibility and Settlement Award determinations shall be based on personnel and payroll records that Defendant will make available as needed to the Claims

-27-

1    Administrator.  There is a rebuttable presumption that Defendant's personnel and payroll

2    records are correct, but Eligible Class Members will have the opportunity, should they

3    disagree with Defendant's records, to provide documentation and/or an explanation to

4    show contrary employment dates.  If there is a dispute or contrary evidence, the Claims

5    Administrator shall evaluate and make a determination based on all the information

6    provided.  Prior to rejecting an Eligible Class Member's documentation or explanation of

7    disagreement, the Claims Administrator shall provide notice of the issue to Class Counsel

8    and Defendant's Counsel and at least seven (7) days for them to propose an amicable

9    resolution of the issue through meet and confer.

10           g.      The Claims Administrator shall provide Class Counsel with its

11   calculations of the number of weeks worked by each Settlement Class Member, and the

12   approximate Settlement Award to each Settlement Class Member, before the Settlement

13   Awards are provided to the Settlement Class Members.

14           h.      The Parties may seek review of a determination of the Claims

15   Administrator by the Court after the Parties confer in good faith in an effort to resolve

16   any disagreement.  The Court may order discovery necessary to resolve the disagreement

17   for good cause shown.  If Class Counsel represents an Eligible Class Member in an

18   eligibility determination for which review by the Court is sought and prevails, the Court

19   may award Class Counsel its reasonable attorneys' fees and costs incurred in that review.

20           i.      The Claims Administrator shall pay all Settlement Awards no later

21   than the date specified in the Implementation Schedule.

22           j.      Any checks reflecting Settlement Awards shall remain valid and

23   negotiable for one hundred eighty (180) days from the date of their issuance and may

24   thereafter automatically be canceled if not cashed by an Eligible Class Member within

25   that time, at which time the Eligible Class Member's right to recover any Settlement

26   Award will be deemed void and of no further force and effect.

27           k.      The aggregate amount of the Settlement Awards to Eligible Class

28   Members shall not under any circumstances exceed the Net Funds Available for

1   Settlement.  Other than to the Representative Plaintiffs as set forth herein, Defendant

2   shall have no obligation to pay any amounts to Eligible Class Members in excess of

3   approved claims for Settlement Awards as calculated in accordance with this Settlement

4   Agreement.

5   　　　　　　　*l.*　　　The Parties recognize that the settlement amounts to be paid to

6   Eligible Class Members are primarily wages for the relief sought in the lawsuit (not

7   including the enhancement paid to the Representative Plaintiffs).  The parties agree that

8   75% of all payments to the Eligible Class Members will be treated as wages subject to

9   W2 reporting and, therefore, normal payroll taxes and withholdings will be deducted by

10   the Claims Administrator pursuant to state and federal law and remitted to the

11   appropriate governmental authorities.  Defendant also will pay its portion of payroll taxes

12   on this 75%, and those amounts will not be deducted from the payments to Eligible Class

13   Members.  The other 25% represents interest and/or penalties sought in the lawsuit.  The

14   Claims Administrator will issue Eligible Class Members an IRS Form 1099 for that

15   portion of their payments and shall be solely responsible for all applicable federal, state

16   and local taxes with respect to such payment.

17   　　　　32.　　No Impact on Employee Benefits.  Neither the terms of this Settlement

18   Agreement nor any Settlement Award paid to the Representative Plaintiffs or any

19   Eligible Class Members shall have any effect on the eligibility or calculation of employee

20   benefits of the respective Representative Plaintiffs or Eligible Class Members.  The

21   Parties agree that any Settlement Awards paid to Eligible Class Members under the terms

22   of this Settlement Agreement do not represent any modification of any Eligible Class

23   Member's previously credited hours of service, income or other eligibility criteria under

24   any employee pension benefit plan, employee welfare benefit plan or other program or

25   policy sponsored by Defendant.  Further, the Settlement Awards shall not be considered

26   "compensation" or "annual earnings for benefits" in any year for purposes of determining

27   eligibility for, or benefit accrual within, an employee pension benefit plan, employee

28   welfare benefit plan or other program or policy sponsored by any of the Released Parties.

33.     <u>Inapplicability of California Civil Procedure Code §384</u>.  The parties agree that California Code of Civil Procedure §384 is not applicable to this settlement. Because the payment of any Settlement Award is expressly contingent upon the timely submission of a valid Claim Form by an Eligible Class Member, no final obligation to pay any Settlement Class Member a Settlement Award is created under this Settlement Agreement.  The Parties agree that this Settlement Agreement does not create or establish a settlement or common "fund."  All claims for payment shall be submitted directly to and paid by the Claims Administrator.  The parties represent that the Funds Available for Settlement is a settlement amount that takes into account the probability that some Settlement Class Members for various reasons will not file Claim Forms and that the payments to Eligible Class Members will be made on a claims-made basis.  The parties recognize that the settlement amount would have been less if all of the Funds Available for Settlement had to be paid.  The Eligible Class Members who timely submit valid Claim Forms under penalty of perjury will be paid the individual Settlement Awards provided by the terms of this Settlement Agreement, and there will be no residual amount to be paid to any non-profit organization or foundation.  Neither Representative Plaintiffs nor Class Counsel shall take, or cause any other person to take, a position before the Court that California Code of Civil Procedure § 384 applies to this Settlement.  There will be no judgment for a specific monetary amount in this Class Action.  Instead, upon the satisfaction of all conditions of this Settlement Agreement, the parties will submit a stipulation for dismissal of this Class Action with prejudice.

34.     <u>Completion of and Report on Settlement Administration</u>.  The Claims Administrator shall keep counsel for the Parties apprised of all distributions from the Net Funds Available for Settlement.  Administration of the settlement shall be completed on or before the date specified in the Implementation Schedule.  Upon completion of administration of the settlement, the Claims Administrator shall provide written certification of such completion and provide proof of payment to the Court and counsel

for the Parties.  The Claims Administrator also shall furnish counsel for the Parties with a report showing the names, amounts and dates of each payment.

35.     <u>Set-Off of Settlement Amounts</u>.  If any Representative Plaintiff or Eligible Class Member ever is awarded or recovers any amount for any unpaid overtime, missed meal or rest periods, pay stub violations or any other Claim Released or a Settled Claim that he/she has purported to waive in this Settlement Agreement, the amount of the award or recovery shall be reduced by the amounts he/she was paid under this Settlement Agreement, increased appropriately for the time value of money, using an interest rate of 10 percent per annum.  To the extent such a setoff is not effected, the Representative Plaintiff or Eligible Class Member promises to pay or assign to Defendant his/her right to receive the amount that should have been set off.

36.     <u>Date of Distribution</u>.  In no event shall there be any distribution from the Net Funds Available for Settlement to any Representative Plaintiff or Eligible Class Member until after the Effective Date.

37.     <u>No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement</u>.  No person shall have any claim against Defendant or any of the Released Parties, the Representative Plaintiffs, the Settlement Class, Class Counsel or the Claims Administrator based on distributions or payments made in accordance with this Settlement Agreement.

## VII.  REVOCATION OR OTHER FAILURE OF SETTLEMENT; APPELLATE REVIEW

38.     <u>By Representative Plaintiffs</u>.  Representative Plaintiffs collectively, in their sole and independent discretion, shall have the right, but not the obligation, to revoke this Settlement Agreement if less than seventy percent (70%) of the Settlement Class Members submit Claim Forms.

39.     <u>By Defendant</u>.  Defendant, at its sole and independent discretion, shall have the right, but not the obligation, to revoke this Settlement Agreement if requests for

-31-

1   exclusions from the proposed settlement are validly filed by more than thirty percent

2   (30%) of the Settlement Class Members.

3       40.   Deadline for Revocation.  The Representative Plaintiffs collectively or the

4   Defendant shall exercise their rights to revoke under Paragraphs 38 and 39, respectively,

5   if at all, on the date specified in the Implementation Schedule (65 days after the

6   Preliminary Approval Order is entered) by giving notice of such exercise to counsel for

7   all Parties.

8       41.   Effect of Revocation or Failure of Settlement.  In the event (i) the Court

9   does not enter the Order for Preliminary Approval of the proposed settlement following

10   the Motion for Preliminary Approval; (ii) the Court does not finally approve the proposed

11   settlement; (iii) the Court does not enter the Final Order of Dismissal With Prejudice

12   submitted by the Parties; (iv) the Representative Plaintiffs collectively or the Defendant

13   exercises the option to revoke this Agreement; or (v) the settlement does not become

14   final for any other reason, this Settlement Agreement shall be null and void and any order

15   entered by the Court in furtherance of this settlement shall be treated as void *ab initio*.  In

16   such a case, the Parties shall return to the status quo as if the Parties had not entered into

17   this Settlement Agreement.  In addition, in such event, the Agreement and all

18   negotiations, Court orders and proceedings relating thereto shall be without prejudice to

19   the rights of any and all Parties, and all evidence relating to the Settlement Agreement

20   and all negotiations shall not be admissible or discoverable in the Class Action or

21   otherwise.  In addition, any funds used or to be used to pay Settlement Awards, the time

22   and effort payments to the Representative Plaintiffs, and attorneys' fees and costs to

23   Class Counsel, shall be returned to their respective statuses as of the date and time

24   immediately prior to the execution of this Settlement Agreement, and the Parties shall

25   proceed in all respects as if this Settlement Agreement had not been executed.  The

26   Claims Administrator will be paid equally by the parties for its costs through the date it is

27   notified that the settlement will not proceed.

28

-32-

42.   <u>Impact of Appellate Review</u>.  In the event an appeal is filed from any of the Court's Orders, or any other appellate review is sought prior to the Effective Date, administration of the settlement shall be stayed pending final resolution of the appeal or other appellate review.

## IX.  RECLASSIFICATION

43.   <u>Reclassification</u>.  Oracle affirms that at various dates in 2005 and 2006, prior to the execution of this Settlement Agreement, it converted to non-exempt status all Settlement Class Members who were then employed and that the incumbents of the Covered Job Codes listed in paragraphs 10 and 11 that are currently in use are classified as non-exempt.

44.   <u>No Injunctive or Prospective Relief</u>.  As part of this Settlement Agreement, Defendant shall not be required to enter into any consent decree, nor shall Defendant be required to agree to any provision for injunctive or prospective relief.

## X.  MISCELLANEOUS

45.   <u>No Admission of Liability or Wrongdoing</u>.  Defendant and the Released Parties deny any and all claims alleged in the Class Action and deny all wrongdoing and liability whatsoever.  This Settlement Agreement is not a concession or admission, and shall not be used against Defendant or any of the Released Parties as an admission or indication with respect to any claim of any fault, concession or omission by Defendant or any of the Released Parties.  Whether or not the Settlement Agreement is finally approved, neither the Settlement Agreement, nor any document, statement, proceeding or conduct related to this Settlement Agreement, nor any reports or accounts thereof, shall in any event be: (i) construed as, offered or admitted in evidence as, received as, or deemed to be, evidence for any purpose, including, but not limited to, evidence of a presumption, concession, indication or admission by Defendant or any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or (ii)

1   disclosed or referred to for any purpose, or offered or received in evidence, in any further

2   proceeding in the Class Action, or any other civil, criminal or administrative action or

3   proceeding against Defendant or any of the Released Parties except for purposes of

4   settling this Class Action pursuant to this Settlement Agreement.  The limitations set

5   forth in this paragraph do not apply to use and/or disclosure by Defendant against

6   members of the Settlement Class, or by members of the Settlement Class against

7   Defendant.

8         46.   <u>Various Proceedings Stayed</u>.  The Parties agree to hold all proceedings in

9   the Class Action, except such proceedings as may be necessary to implement and

10   complete the Settlement Agreement, in abeyance pending the Settlement Fairness

11   Hearing to be conducted by the Court.

12         47.   <u>Use of Defendant's Data and Documents</u>.  The Representative Plaintiffs and

13   Class Counsel agree that none of the documents provided to them by Defendant shall be

14   used for any purpose other than prosecution of this Class Action.  Furthermore, should

15   Representative Plaintiff have any original documents of Defendant, Representative

16   Plaintiff agrees to destroy or return such original documents via Class Counsel.

17         48.   <u>Defense Fees and Costs</u>.  All of Defendant's own attorneys' fees and legal

18   costs and expenses incurred in the Class Action shall be borne by Defendant from

19   Defendant's separate funds and not from the Funds Available for Settlement.

20         49.   <u>Amendment or Waiver Only in Writing</u>.  This Settlement Agreement may

21   be amended or modified only by a written instrument signed by counsel for all Parties or

22   their successors-in-interest.  No rights hereunder may be waived except in writing.

23         50.   <u>Entire Agreement</u>.  This Settlement Agreement and any attached Exhibits

24   constitute the entire agreement between the Parties relating to the Settlement and

25   transaction contemplated thereby.  All prior or contemporaneous agreements,

26   understandings and statements, whether oral or written, and whether by a party or its

27   counsel, are merged herein.  No oral or written representations, warranties or

28   inducements have been made to any Party concerning this Settlement Agreement or its

1    Exhibits other than the representations, warranties and covenants contained and

2    memorialized in such documents.

3          51.    Authorization to Execute Agreement and Effectuate Settlement and

4    Agreement to Cooperate.  Counsel for all Parties warrant and represent that they are

5    expressly authorized by the Parties whom they represent to negotiate this Settlement

6    Agreement and to take all appropriate action required or permitted to be taken by such

7    Parties pursuant to this Settlement Agreement to effectuate the terms hereof, and to

8    execute any other documents required to effectuate the terms of this Settlement

9    Agreement.  The Parties and their respective counsel will cooperate with each other and

10   use their best efforts to effect the implementation of the Settlement Agreement.  In the

11   event the Parties are unable to reach agreement on the form or content of any document

12   needed to implement the Settlement Agreement, or on any supplemental provisions that

13   may become necessary to effectuate the terms of this Settlement Agreement, the Parties

14   may seek the assistance of the Court to resolve such disagreement.  The person signing

15   this Settlement Agreement on behalf of Defendant represents and warrants that he/she is

16   authorized to sign this Settlement Agreement on behalf of Defendant.

17         52.    Binding Upon Successors and Assigns.  This Settlement Agreement shall be

18   binding upon, and inure to the benefit of, the successors or assigns of the Released

19   Parties and the Parties, as previously defined.

20         53.    No Prior Assignment.  The parties hereto represent, covenant, and warrant

21   that they have not directly or indirectly, assigned, transferred, encumbered, or purported

22   to assign, transfer, or encumber to any person or entity any portion of any liability, claim,

23   demand, action, cause of action or rights herein released and discharged except as set

24   forth herein.

25         54.    Governing Law.  All terms of this Settlement Agreement and the Exhibits

26   hereto shall be governed by and interpreted according to the laws of the State of

27   California, except to the extent that federal law requires federal law to govern.

28

55.     Counterparts.  This Settlement Agreement may be executed in one or more counterparts and by facsimile.  All executed copies of this Settlement Agreement, and photocopies thereof (including facsimile copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

56.     Exhibits.  The terms of this Settlement Agreement include the terms set forth in the attached Exhibits, which are incorporated by this reference as though fully set forth herein.  The Exhibits to this Settlement Agreement are an integral part of the Settlement Agreement.  Unless specifically provided otherwise in the exhibits to this Settlement Agreement, in the event of any conflict between the Settlement Agreement and the Exhibits, the terms of the Settlement Agreement shall control.

57.     Construction.  The Parties believe the terms of the settlement as set forth in this Settlement Agreement are a fair, adequate and reasonable settlement of this Class Action and have arrived at this Settlement Agreement in arms-length negotiations, taking into account all relevant factors, present and potential.  This Settlement Agreement has been drafted jointly by counsel for the Parties.  Hence, in any construction or interpretation of this Settlement Agreement, the same shall not be construed against any of the Parties.

58.     Retention of Jurisdiction.  The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

59.     Agreement of Representative Plaintiffs.  The Representative Plaintiffs agree to sign this Settlement Agreement and by signing this Settlement Agreement are bound by the terms herein stated, and further agree not to request to be excluded from the Settlement Class and agree not to object to or appeal any of the terms of this Settlement Agreement.  Non-compliance by the Representative Plaintiffs with this paragraph shall

1   be void and of no force or effect.  Any such request for exclusion or objection shall

2   therefore be void and of no force or effect.

3       60.    No Signature Required by Eligible Class Members on Settlement

4   Agreement.  Because the Eligible Class Members are so numerous, it is impossible or

5   impractical to have each one execute this Settlement Agreement.  The Notice to Class of

6   Proposed Settlement of Class Action and the Claim Form, Exhibits A and B hereto, will

7   advise all Eligible Class Members of the binding nature of the release and such shall have

8   the same force and effect as if this Settlement Agreement were executed by each Eligible

9   Class Member.

10      61.    Titles and Captions of No Force.  Paragraph titles or captions contained

11  herein are inserted as a matter of convenience and for reference, and in no way define,

12  limit, extend, or describe the scope of this Settlement Agreement or any of its provisions.

13  Each term of this Settlement Agreement is contractual and not merely a recital.

14      62.    No Press Communication.  The parties and their counsel agree that they will

15  not issue any press releases, initiate any contact with the press, respond to any press

16  inquiry or have any communications with the press about this case and/or the fact,

17  amount or terms of the Settlement, provided, however, this shall not limit Defendant with

18  respect to any financial or SEC disclosures which in its judgment are necessary.  Any

19  communication about the Settlement to Eligible Class Members prior to the Court-

20  approved mailing will be limited to a statement that a settlement has been reached and

21  the details will be communicated in a forthcoming Court-approved notice.

22      63.    Mutual Full Cooperation.  The Parties agree to fully cooperate with each

23  other to accomplish the terms of this Settlement Agreement, including but not limited to,

24  executing such documents and taking such other action as may reasonably be necessary

25  to implement the terms of this Settlement Agreement.

26      64.    Invalid without Court Approval.  This Settlement Agreement is subject to

27  approval by the Court.  In the event it is not approved, it shall be deemed null and void,

28

1   of no force and effect, and of no probative value, and the parties hereto represent,

2   warrant, and covenant that it will not be used or referred to for any purpose whatsoever.

3        65.     Withdrawal of the Plaintiffs' Motion for Class Certification filed May 3,

4   2007.  Upon the entry of the Order Granting Provisional Order Certifying Settlement

5   Class and Approving Settlement and Proposed Notices to Class Members, Plaintiffs'

6   Motion for Class Certification shall be deemed withdrawn without prejudice.

7

8        Dated:  June ___, 2007            _____

9                                          Madhav Kakani
                                           Plaintiff and Representative Plaintiff on
10                                            Behalf of the Settlement Class

11

12                                         _____

                                           Gennady Brin
13                                         Plaintiff and Representative Plaintiff on
                                              Behalf of the Settlement Class
14

15                                         _____

16                                         Ranjiv Jain
                                           Plaintiff and Representative Plaintiff on
17                                            Behalf of the Settlement Class

18                                         SCHNEIDER & WALLACE

19

20                                         _____

21                                         Todd Schneider
                                           Joshua Konecky
22                                         W.H. "Hank" Willson, IV
                                           Counsel for Representative Plaintiffs and
23                                            the Settlement Class

24

25

26

27

28

Case No. C-06-6493 WHA

-38-

**FIRST AMENDED JOINT STIPULATION OF
CLASS ACTION SETTLEMENT**

1

2

3

4

5

6          Dated:  June ___, 2007

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE LAW OFFICE OF CHRISTINA
    DJERNAES


_____

Christina Djernaes
Counsel for Representative Plaintiffs and
    the Settlement Class

ORACLE CORPORATION


_____

Juana Schurman
who is Authorized to Execute on Behalf
    of Defendant


PAUL, HASTINGS, JANOFSKY &
    WALKER LLP


_____

Nancy L. Abell
James A. Zapp
Cynthia J. Emry
Elizabeth A. Brown
Counsel for Defendant Oracle
    Corporation

1    of no force and effect, and of no probative value, and the parties hereto represent,

2    warrant, and covenant that it will not be used or referred to for any purpose whatsoever.

3        65.    <u>Withdrawal of the Plaintiffs' Motion for Class Certification filed May 3,</u>

4    <u>2007</u>.  Upon the entry of the Order Granting Provisional Order Certifying Settlement

5    Class and Approving Settlement and Proposed Notices to Class Members, Plaintiffs'

6    Motion for Class Certification shall be deemed withdrawn without prejudice.

7

8        Dated:  June ___, 2007                    _____

9                                                  Madhav Kakani
                                                   Plaintiff and Representative Plaintiff on
10                                                     Behalf of the Settlement Class

11

12                                                 _____
                                                   Gennady Brin
13                                                 Plaintiff and Representative Plaintiff on
                                                     Behalf of the Settlement Class
14

15                                                 _____
16                                                 Ranjiv Jain
                                                   Plaintiff and Representative Plaintiff on
17                                                     Behalf of the Settlement Class

18                                                 SCHNEIDER & WALLACE

19

20                                                 _____
21                                                 Todd Schneider
                                                   Joshua Konecky
22                                                 W.H. "Hank" Willson, IV
                                                   Counsel for Representative Plaintiffs and
23                                                     the Settlement Class

24

25

26

27

28

Case No. C-06-6493 WHA

-38-

FIRST AMENDED JOINT STIPULATION OF
CLASS ACTION SETTLEMENT