TODD M. SCHNEIDER (SB# 158253)
TSchneider@schneiderwallace.com
W.H. "HANK" WILLSON, IV (SB# 233321)
WWillson@schneiderwallace.com
RACHEL E. BRILL (SB# 233294)
RBrill@schneiderwallace.com
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, California  94104
Telephone:  (415) 421-7100
Facsimile:  (415) 421-7105
TTY:  (415) 421-1665

CHRISTINA DJERNAES (SB# 177522)
christina@djernaeslaw.com
LAW OFFICES OF CHRISTINA DJERNAES
1215 De La Vina Street, Suite K
Santa Barbara, CA  93101
Telephone:  (805) 685-8189

Attorneys for Plaintiffs
MADHAV KAKANI, GENNADY BRIN,
RANJIV JAIN AND THE PUTATIVE CLASS

Attorneys for Defendant
ORACLE CORPORATION
listed on page 2 of caption

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADHAV KAKANI, GENNADY BRIN, and RANJIV JAIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ORACLE CORPORATION,<br><br>Defendant. | CASE NO. C-06-6493 WHA<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SECOND AMENDED JOINT MOTION OF THE PARTIES FOR ORDER PROVISIONALLY CERTIFYING SETTLEMENT CLASS AND PRELIMINARILY APPROVING SETTLEMENT AND PROPOSED NOTICES TO CLASS MEMBERS**<br><br>To be taken under submission by the Court<br><br>The Hon. Judge William H. Alsup |

Case No. C-06-6493 WHA

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF SECOND JOINT MOTION OF THE PARTIES FOR ORDER PROVISIONALLY CERTIFYING SETTLEMENT

1   NANCY L. ABELL (SB# 088785)
    nancyabell@paulhastings.com
2   CYNTHIA J. EMRY (SB# 161763)
    cynthiaemry@paulhastings.com
3   ELIZABETH A. BROWN
    (SB# 235429)
4   elizabethbrown@paulhastings.com
    Paul, Hastings, Janofsky & Walker LLP
5   515 South Flower Street
    Twenty-Fifth Floor
6   Los Angeles, CA  90071-2228
    Telephone:  (213) 683-6000
7   Facsimile:  (213) 627-0705

8   Attorneys for Defendant
    ORACLE CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMO OF  POINTS AND AUTHORITIES IN SUPPORT
OF SECOND JOINT MOTION OF  THE PARTIES FOR
ORDER PROVISIONALLY CERTIFYING SETTLEMENT

# TABLE OF CONTENTS

Page

I.  INTRODUCTION .................................................................................... 1

II. PROCEDURAL HISTORY ..................................................................... 6

III. THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE
    CLASS ACTION SETTLEMENT AND SCHEDULE A FAIRNESS
    HEARING .............................................................................................. 9

    A.  PRELIMINARY APPROVAL OF THE SETTLEMENT IS
        APPROPRIATE ............................................................................... 9

        1.  This Settlement Agreement Was Not the Result of Collusion ........ 10

        2.  The Second Amended Settlement Agreement Only Releases
            the FLSA Claims of Those Who Affirmatively Opt-In ................... 10

        3.  Class Counsel's Attorneys' Fee Award Under the Settlement
            Agreement Is Now Based on the Value of Claims Made,
            Rather than on the Total Value of the Settlement ........................... 12

        4.  The Time and Effort Payments to the Named Plaintiffs, Much
            Deserved in this Case, Have Been Eliminated ................................ 13

        5.  The Disparity Between California and Non-California
            Workers Has Been Eliminated ......................................................... 13

        6.  Class Counsel Has Provided a Detailed Justification for the
            Inevitable Discount Taken in Order to Settle this Case ................... 13

        7.  Plaintiffs Are Adequate to Represent All Three Subclasses ........... 14

        8.  The Second Amended Settlement Agreement Provides for
            More Extensive Procedures to Ensure Settlement Class
            Members Receive Notice .................................................................. 15

        9.  The Class Notice Is Clear, Straightforward, and Written in
            Plain English .................................................................................... 16

        10. The Revised Settlement Provides a Substantial Recovery to
            the Settlement Class Members ......................................................... 17

        11. The Settlement Was Reached After Extensive Investigation,
            Discovery and Analysis of the Class Claims ................................... 18

        12. Litigation of this Action Would Be Expensive and Time
            Consuming, and Would Delay Recovery ......................................... 18

IV. PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS IS
    APPROPRIATE ...................................................................................... 19

V.  THE PROPOSED NOTICE PROVIDES ADEQUATE NOTICE TO THE
    CLASS AND SATISFIES DUE PROCESS ......................................... 21

VI. THE PROPOSED SCHEDULING ORDER ......................................... 21

VII. CONCLUSION ..................................................................................... 22

1

# TABLE OF AUTHORITIES

2

**Page**

3

## CASES

4    *Amchem Products, Inc. v. Windsor,*
      521 U.S. 591 (1997)...............................................................................19

5    *Class Plaintiffs v. City of Seattle,*
6       955 F.2d 1268 (9th Cir. 1992). ..............................................................9

   *General Tel. Co. of S.W. v. Falcon,*
7       457 U.S. 147 (1982) ............................................................................19

8    *Hanlon v. Chrysler Corp.,*
      150 F.3d 1011 (9th Cir. 1998) .........................................................9, 20

9    *In re Activision Securities Litigation,*
10       723 F. Supp. 1373, 1375 (N.D. Cal. 1989) ..........................................12

   *In re Chicken Antitrust Litigation,*
11       1001 (N.D. Ga. 1980), *aff'd,* 669 F.2d 228 (5th Cir. 1982) .................9

12    *In re Pacific Enterprises Security Litigation,*
      47 F.3d 373 (9th Cir. 1995) .................................................................12

13    *In re Traffic Exec. Ass'n,*
      627 F.2d 631 (2d Cir. 1980) ...............................................................10

14    *Lerwill v. Inflight Motion Pictures, Inc.,*
15       582 F.2d 507 (9th Cir. 1978) ..............................................................20

   *Neff v. Via Metropolitan Transit Authority,*
16       179 F.R.D. 185 (W.D. Tex. 1998)........................................................9

   *Paul, Johnson, Alston & Hunt v. Graulty,*
17       886 F.2d 2682 (9th Cir. 1989) ............................................................12

18    *Six Mexican Workers v. Arizona Citrus Growers,*
      904 F.2d 1301 (9th Cir. 1990) ............................................................12

19    *Valentino v. Carter-Wallace, Inc.,*
      97 F.3d 1227 (9th Cir. 1996)...............................................................19

20    *Vizcaino v. Microsoft Corp.,*
21       290 F.3d 1043, 1047 (9th Cir. 2002) ...................................................12

## RULES

22 Fed.R.Civ.P. 23 ........................................................................................2, 4

23 Fed.R.Civ.P. 23(a) .......................................................................................19

24 Fed.R.Civ.P. 23(b) .......................................................................................19

Fed.R.Civ.P. 23(b)(3) ...................................................................................20

25 Fed.R.Civ.P. 23(h) ..................................................................................13, 16

26 Fed.R.Civ.P. 30(b)(6) ................................................................................7, 18

27

28

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**STATUTES**

4

California Labor Code §§201-203 ............................................................... 4, 6

Fair Labor Standards Act,
    29 U.S.C. § 216(b) .................................................................................... 5

5

Private Attorneys General Act of 2004,
    California Labor Code §§ 2698-2699 ........................................................ 6

6

7

**OTHER AUTHORITIES**

8

4 ALBA CONTE & HERBERT B. NEWBERG, *Newberg on Class Actions*
    § 8.21 (4th ed. 2002) ............................................................................. 17

9

    § 8.39 (4th ed. 2002) ............................................................................. 16

10

    § 11.25 (4th ed. 2002) ........................................................................... 10

MANUAL FOR COMPLEX LITIGATION (THIRD) § 21.311 .................................... 17

11

MANUAL FOR COMPLEX LITIGATION (THIRD) § 21.312 .................................... 17

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C-06-6493 WHA

iii

MEMO OF POINTS AND AUTHORITIES IN SUPPORT
OF SECOND JOINT MOTION OF THE PARTIES FOR
ORDER PROVISIONALLY CERTIFYING SETTLEMENT

# I.   **INTRODUCTION**

The parties hereby move jointly for preliminary approval of the class action settlement they recently reached after more than six months of litigation, coupled with arms length and good faith negotiations.  In addition, the parties have continued their negotiations and reconfigured the Second Amended Joint Stipulation of Class Action Settlement between Plaintiffs and Defendant; Settlement Agreement and Release ("Second Amended Settlement Agreement") in light of the concerns expressed by the Court at the June 21 and July 5, 2007 hearings.  The parties believe that this renewed Settlement Agreement addresses the Court's concerns, and provides a fair and reasonable settlement for both parties and, most importantly, the Settlement Class Members.

In discovery Plaintiffs reviewed more than 20,000 pages worth of relevant documents provided by Oracle, and complete pay and time records (to the extent time records were actually kept) for the class of employees whom Plaintiffs represent with respect to this Second Amended Settlement Agreement.  Plaintiffs took the deposition of twelve of Oracle's representatives, and Oracle deposed all three of the named Plaintiffs.  The terms of the Second Amended Settlement Agreement are based on a thorough evaluation of this evidence and the underlying caselaw.

Plaintiff filed this action October 17, 2006, against Oracle Corporation, seeking to represent current and former "sales consultant" employees of Oracle in the United States.  Plaintiffs' Complaint alleges that Oracle misclassified its sales consultant employees as exempt from the overtime requirements of California state and federal law, and thus failed to pay them overtime compensation for their overtime hours worked.  Plaintiffs also alleged that Oracle failed to ensure that its sales consultants in California took their lawfully mandated meal and rest breaks.  Plaintiffs asserted causes of action, on behalf of themselves and the class, for violations of the Fair Labor Standards Act ("FLSA"); the California Labor Code; and California's Unfair Business Practices Act, California Business and Professions Code §§17200, *et seq.* ("UCL").  Plaintiffs sought damages, restitution, and declaratory and injunctive relief.  Plaintiffs allege that Oracle's decision

Case No. C-06-6493 WHA
LEGAL_US_W # 56662585.3

1

MEMO OF POINTS AND AUTHORITIES IN SUPPORT
OF SECOND JOINT MOTION OF THE PARTIES FOR
ORDER PROVISIONALLY CERTIFYING SETTLEMENT

1   to reclassify all of its sales consultant employees as non-exempt within the past two years

2   shows Oracle's knowledge of its wrongdoing, and would entitle Plaintiffs to liquidated

3   damages under the FLSA and various penalties under the California Labor Code.

4       Oracle maintains that its sales consultant employees were properly considered

5   exempt from the overtime laws, and, as a result, Plaintiffs cannot state a claim for unpaid

6   overtime. Oracle further maintains that some of its sales consultant employees worked

7   no overtime. In addition, Oracle maintains that its sales consultant employees in

8   California (and throughout the United States) were provided with meal and rest periods,

9   were timely paid all wages and other payments due and/or were not eligible for any

10  penalties.

11      On May 3, 2007, Plaintiffs filed a Motion for Class Certification under Federal

12  Rule of Civil Procedure ("FRCP") 23, seeking to certify two classes: (1) all sales

13  consultant employees of Oracle in California employed from October 17, 2002 to the

14  date they were reclassified by Oracle; and (2) all sales consultant employees of Oracle

15  outside of California from October 17, 2002 to the date they were reclassified by Oracle.

16  The second class (all sales consultants outside California) was based upon Plaintiffs'

17  California UCL claim, applied to a nationwide class and using FLSA violations as the

18  "predicate act" for the alleged violation, on the theory that Oracle, as a corporation

19  headquartered in California, made its compensation decisions in California, and thus

20  California's UCL applied to employees throughout the United States.

21      On May 7, 2007, the parties conducted a mediation of Plaintiffs' class action

22  claims with David Rotman, a respected and experienced mediator. This day-long

23  negotiation resulted in the decision to enter into a class-wide settlement. In addition,

24  after the hearings before this Court on June 21 and July 5, 2007, the parties continued

25  their negotiations with the Court's concerns in mind. The parties renegotiated a

26  settlement that provides, most notably:

27      (1)   only those Settlement Class Members who affirmatively opt in to the

28  Second Amended Settlement Agreement will be subject to the release of FLSA claims;

Case No. C-06-6493 WHA
LEGAL_US_W # 56662585.3

2

MEMO OF POINTS AND AUTHORITIES IN SUPPORT
OF SECOND JOINT MOTION OF THE PARTIES FOR
ORDER PROVISIONALLY CERTIFYING SETTLEMENT

1       (2)    no non-California state-law claims whatsoever will be released

2  except by the three Representative Plaintiffs who also will release claims under

3  Washington law;

4       (3)    California state law claims of current employees of Oracle (or Oracle

5  entities) who work or worked in California will be released only if they receive

6  workplace notice of the settlement and do not opt out;

7       (4)    California state law claims of former employees of Oracle who

8  worked in California will be released if they do not opt out, unless the Postal Service

9  returns the final class action notice sent as undeliverable;

10      (5)    if the Claims Administrator does not agree with a Settlement Class

11  Member's assertion regarding the weeks worked in each settlement subclass, the Claims

12  Administrator will notify the Settlement Class Member, who then shall have twenty-one

13  (21) calendar days from the date of the postmark on that letter from the Claims

14  Administrator to opt out of the settlement;

15      (6)    several more mechanisms were added to ensure that Settlement Class

16  Members receive notice of this Settlement, including workplace notice by mail and

17  email, pre-mailing database searches, internet notice, and telephone calls to Settlement

18  Class Members;

19      (7)    the time to file objections and/or to opt out of the settlement has been

20  extended from 35 days after the mailing of the Class Notice and Claim Form to 65 days

21  after the mailing of the Class Notice and Claim Form; and

22      (8)    the named Plaintiffs are no longer seeking any time and effort

23  payments whatsoever; and

24      (9)    Class Counsel will be paid, instead of 25% of the total settlement

25  amount, only 25% of the total value of the claims made under the settlement.

26      Under the terms of the reconfigured settlement, Oracle will deposit $8,950,000 into

27  a qualified settlement fund (the original amount present to the Court before the foregoing

28  changes was $9,000,000). The fund will be administered by an independent and highly

Case No. C-06-6493 WHA       3         MEMO OF POINTS AND AUTHORITIES IN SUPPORT
LEGAL_US_W # 56662585.3                   OF SECOND JOINT MOTION OF THE PARTIES FOR
                                       ORDER PROVISIONALLY CERTIFYING SETTLEMENT

experienced third-party Claims Administrator on a claims-made basis with unclaimed monies reverting to Oracle. This amount is designed to cover an anticipated payment to Class Counsel of up to twenty-five percent (25%) of the total value of the claims made under the settlement, and $75,000 for costs (despite the fact that Class Counsel's costs of bringing this action exceed $75,000). It also includes an estimated amount of $65,000 or less to the third-party Settlement Administrator for the costs of administering the class notice and claims proceedings.

The very minimum amount to be made available for distribution to the Class is approximately $6,607,500. If there is less than 100% participation in the Second Amended Settlement Agreement, the difference between the $2,202,500 set aside to cover attorneys' fees in the case of 100% participation and the actual amount to be paid in attorneys' fees will be reallocated to the Settlement Class Members who made timely and valid claims in the same manner as the initial distribution.

The Second Amended Settlement Agreement splits the class into three subclasses. First, certification under Federal Rule of Civil Procedure 23 of two subclasses for settlement purposes: (1) All individuals who were employed in one of the job codes and job titles listed in the Settlement Agreement at Defendant or Oracle USA, Inc. in the State of California between October 17, 2002 and the date(s) that Defendant or Oracle USA, Inc. made those individuals (or the individuals in their job code(s)) eligible for overtime compensation, for the purposes of Plaintiffs' claims for alleged unpaid overtime and waiting time penalties under California Labor Code §§201-203, and interest on those amounts alleged in the Complaint (the "California overtime class"); and (2) All individuals who are currently employed, or formerly have been employed, in one of the job codes and job titles listed in the Settlement Agreement at Defendant or Oracle USA, Inc. in the State of California between October 17, 2002 and the date of preliminary approval of the Settlement Agreement, for the purposes of Plaintiffs' claims for allegedly denied meal and rest periods, record-keeping and other wage-hour penalties and interest on those amounts alleged in the Complaint: (the "California penalties class"). Second,

Case No. C-06-6493 WHA
LEGAL_US_W # 56662585.3

4

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF SECOND JOINT MOTION OF THE PARTIES FOR ORDER PROVISIONALLY CERTIFYING SETTLEMENT

1    certification under 29 U.S.C. Section 216(b) of the Fair Labor Standards Act ("FLSA") to

2    facilitate notice and to proceed as an FLSA opt-in collective action for settlement

3    purposes covering all individuals who were employed in one of the job codes and job

4    titles listed in the Settlement Agreement at Defendant or Oracle USA, Inc. in the United

5    States but outside the State of California between October 17, 2003 and the date(s) that

6    Defendant or Oracle USA, Inc. made those individuals (or the individuals in their job

7    code(s)) eligible for overtime compensation, for the purposes of Plaintiffs' claims for

8    alleged unpaid overtime, liquidated damages, and interest alleged in the Complaint under

9    the FLSA (the "non-California class" or "the FLSA class").

10        Under the terms of the Settlement, the California overtime class (which has

11   approximately 238 members) and the non-California class (which has approximately 892

12   members) will receive similar settlement shares per week worked. The California

13   overtime subclass will receive slightly more than the non-California subclass to account

14   for the fact that California law requires the payment of overtime compensation for work

15   in excess of eight hours in a day and affords waiting time penalties for unpaid wages,

16   while the FLSA does not. The California penalties class (which has approximately 282

17   members) will receive a much smaller share per week worked, simply because both the

18   damages made available by statute for, and the damages caused by, the denial of meal

19   and rest periods, coupled with any paycheck and other penalties, are smaller than the

20   damages made available by statute for, and caused by, failure to pay overtime

21   compensation. Within each class, each class member's settlement amount will vary

22   proportionately based on the number of weeks he or she worked within the relevant time

23   period. If a class member is a member of more than one subclass, he or she will get his

24   or her proportionate share for the amount of time he or she spent in each subclass. The

25   average payout per class member will be approximately $6,757.61 for the members of

26   the California overtime class, approximately $5,257.49 for the non-California class, and

27   approximately $1,097.56 for the California penalties class.

28

Case No. C-06-6493 WHA
LEGAL_US_W # 56662585.3

5

MEMO OF POINTS AND AUTHORITIES IN SUPPORT
OF SECOND JOINT MOTION OF THE PARTIES FOR
ORDER PROVISIONALLY CERTIFYING SETTLEMENT

1    Using Oracle's records, computerized address searches, calls to the telephone

2    numbers of Settlement Class Members, and workplace and internet notice, the Claims

3    Administrator, Class Counsel and Oracle will make all reasonable efforts to best ensure

4    that each class member receives full and adequate notice of the settlement, including: the

5    gross and net settlement amount, the requirement that the class member timely submit a

6    claim form in order to participate in the settlement, an opportunity to submit objections to

7    the settlement and appear at the final fairness hearing; and an opportunity to opt out of

8    the settlement altogether.  Upon final approval, the Settlement Administrator will ensure

9    distribution of the settlement funds to the class.

10    Defendant will pay to the California Labor Workforce Development Agency the

11    sum of Fifteen Thousand Dollars ($15,000) in full resolution of any monies allegedly

12    owed to the State of California under the Private Attorneys General Act of 2004,

13    California Labor Code Sections 2698-2699 ("PAGA") with respect to California law

14    claims that were asserted or could have been asserted in the Complaint.  Defendant will

15    make this payment within 20 days after the Effective Date of the settlement, as defined in

16    Paragraph 2.k. of the Second Amended Settlement Agreement, but the funds for it will not

17    be paid from the Funds Available for Settlement.

18    The proposed Second Amended Settlement Agreement satisfies all the criteria for

19    preliminary settlement approval under federal law and falls well within the range of

20    possible approval.  Accordingly, the parties request that the Court grant the requested

21    relief.

22
      **II.    PROCEDURAL HISTORY**
23

24    Plaintiff filed this action on October 17, 2006 against Oracle, alleging that Oracle

25    misclassified Plaintiffs and its other sales consultant employees as exempt from the

26    overtime requirements of FLSA and the California Labor Code, and violated other

27    California state laws.  Plaintiffs also allege that Oracle failed to ensure that its sales

28    consultant employees in California took their legally mandated meal and rest breaks.

1    Plaintiffs' Complaint also contains allegations that Oracle owes penalties and liquidated

2    damages, and violated California's UCL, as a result of its failure to pay overtime to its

3    sales consultant employees.

4         Plaintiffs' counsel conducted a significant factual investigation during the

5    prosecution of this action. Plaintiffs' counsel reviewed over 20,000 pages of documents

6    produced by Oracle relating to pay policies, time records, and communications relating to

7    Oracle's decision to reclassify its sales consultants, and pay them overtime compensation

8    for overtime hours worked, within the last two years. *See* Declaration of Todd M.

9    Schneider in Support of Joint Motion for Order Preliminarily Approving Settlement, filed

10   May 30, 2007 ("First Schneider Decl.") at ¶7. Plaintiffs' counsel also reviewed (and had

11   an expert examine) Oracle's time and pay records for all members of the class covered by

12   the Second Amended Settlement Agreement. *Id.* Plaintiffs' counsel also deposed twelve

13   of Oracle's managers and vice presidents (including four corporate designees pursuant to

14   FRCP 30(b)(6)), relating to sales consultants' job duties, Oracle's pay policies, and

15   Oracle's decision to reclassify its sales consultants. *Id.* Plaintiffs' counsel marshaled all

16   of this evidence in support of Plaintiffs' Motion for Class Certification, which was filed

17   in May 3, 2007. *Id.*

18        After the hearings with this Court on June 21 and July 5, 2007, the parties returned

19   to the bargaining table and have reached an agreement that they believe addresses the

20   concerns the Court expressed at those hearings. The new agreement does not contain any

21   differing interpretations or disagreements; it provides multiple extra procedures to ensure

22   Settlement Class Members receive notice of the settlement; it bases attorneys' fees for

23   Class Counsel on the value of claims actually made, not the total value of the settlement;

24   it eliminates the named Plaintiffs' time and effort payments; and, most importantly, it

25   provides that only those persons who affirmatively opt into the Second Amended

26   Settlement Agreement will release their FLSA claims, and does not purport to release any

27   non-California state law claims (with only a nominal reduction in the total settlement

28

Case No. C-06-6493 WHA
LEGAL_US_W # 56662585.3

7

MEMO OF POINTS AND AUTHORITIES IN SUPPORT
OF SECOND JOINT MOTION OF THE PARTIES FOR
ORDER PROVISIONALLY CERTIFYING SETTLEMENT

1  amount as a result).  The total amount of the settlement was reduced from $9,000,000 to

2  $8,950,000 (or 0.5%).

3      Plaintiffs' counsel is of the opinion that the Second Amended Settlement

4  Agreement is fair, reasonable, adequate, and is in the best interest of the Class in light of

5  all known facts and circumstances, including the significant risks and delays of litigation

6  that are presented by the defenses and potential appellate issues Oracle may assert. *Id.* at

7  ¶8. Plaintiffs' counsel has fully advised the Representative Plaintiffs of the Second

8  Amended Settlement Agreement and represents that they fully approve of and consent to

9  that Settlement Agreement. *Id.*

10     Oracle has asserted and continues to assert defenses to this action and has expressly

11  denied and continues to deny any wrongdoing or legal liability arising out of the action.

12  Oracle further continues to assert a high probability that the Court would have denied

13  Plaintiffs' Motion for Class Certification as framed because individual issues

14  predominate and Plaintiffs did not establish commonality or typicality and would

15  adjudicate the case in its favor on the merits if class certification is granted.  Oracle

16  further contends, among other things, that the evidence will show that it has complied

17  with the Fair Labor Standards Act, the California Labor Code, the California Business &

18  Professions Code, and the applicable state wage-and-hour laws, and that it paid

19  Representative Plaintiffs and Settlement Class Members all wages and other payments

20  owing to them under all applicable federal and state laws.  Oracle further contends,

21  specifically, that all Representative Plaintiffs and Settlement Class Members were

22  properly classified as exempt in that they spent the majority of their time engaged in

23  work that caused them to fall within the scope of one or more exemptions, including the

24  executive, professional, outside sales, and/or administrative exemptions (in that their

25  work was directly related to the general business operations of Defendant and/or its

26  customers and they exercised discretion and independent judgment as to matters of

27  significance in performing it), and/or they come within the scope of the highly

28  compensated exemption in that they earned total non-discretionary compensation during

Case No. C-06-6493 WHA
LEGAL_US_W # 56662585.3

8

MEMO OF POINTS AND AUTHORITIES IN SUPPORT
OF SECOND JOINT MOTION OF THE PARTIES FOR
ORDER PROVISIONALLY CERTIFYING SETTLEMENT

1   a 52-week period of at least $100,000 and otherwise fulfilled the requirements of that

2   exemption.

3       Neither the Second Amended Settlement Agreement nor any action taken to carry

4   out that Settlement Agreement is, may be construed as, or may be used as, an admission,

5   concession, or indication by or against Oracle or anyone else of any fault, wrongdoing, or

6   liability whatsoever, nor as an admission, concession, or indication that class certification

7   is appropriate in the absence of a settlement.

8   **III.   THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE**
    **CLASS ACTION SETTLEMENT AND SCHEDULE A FAIRNESS**
9   **HEARING**

10       The decision to approve or reject a proposed settlement is committed to this

11   Court's broad discretion; a court's decision to approve a class action settlement may be

12   reversed only upon a strong showing of "clear abuse of discretion." *Hanlon v. Chrysler*

13   *Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Class Plaintiffs v. City of Seattle*, 955 F.2d

14   1268, 1276 (9th Cir. 1992).

15       A settlement is presumed to be fair where, as here, the settlement is reached

16   through arm's-length negotiations, sufficient investigation and discovery has taken place

17   to allow counsel and the Court to act intelligently, and counsel is experienced in similar

18   types of litigation. *See, e.g., Neff v. Via Metropolitan Transit Authority*, 179 F.R.D. 185,

19   208 (W.D. Tex. 1998); *In Re Chicken Antitrust Litigation*,1001 (N.D. Ga. 1980), *aff'd*,

20   669 F.2d 228 (5th Cir. 1982) ("The court encourages parties to resolve legal disputes

21   among themselves without judicial intercession, and therefore, their agreement will not

22   be disturbed unless after comparing the likely rewards of litigation with the relative

23   disadvantages of settlement, the court is convinced that the terms of the settlement are so

24   unfair, inadequate and unreasonable that approving it would be an abuse of discretion").

25   **A.  PRELIMINARY APPROVAL OF THE SETTLEMENT IS**
    **APPROPRIATE**
26

27       To grant preliminary approval of this class action settlement, the Court need find

28   only that the settlement falls within the range of possible final approval, also described as

Case No. C-06-6493 WHA
LEGAL_US_W # 56662585.3

9

MEMO OF POINTS AND AUTHORITIES IN SUPPORT
OF SECOND JOINT MOTION OF THE PARTIES FOR
ORDER PROVISIONALLY CERTIFYING SETTLEMENT

1  the range of reasonableness. *See, e.g., In re Traffic Exec. Ass'n*, 627 F.2d 631, 633-634

2  (2d Cir. 1980); *see also* 4 ALBA CONTE & HERBERT B. NEWBERG, *Newberg on Class*

3  *Actions* §11.25 (4th ed. 2002) ("Newberg").

4      In order to address the concerns expressed by the Court in its Order of June 19 and

5  at the hearing on July 5, 2007, the parties take each of the concerns in turn:

6  ### 1. This Settlement Agreement Was Not the Result of Collusion

7      In its June 19, 2007 Order, the Court strongly indicated that the Settlement

8  Agreement appeared to be the result of "collusion."  This is simply not the case: the

9  parties negotiated the proposed Settlement Agreement in good faith and at arms' length,

10  before the respected and experienced mediator, David Rotman. *See* First Schneider Decl.

11  at ¶9.  While the parties may not have adequately explained the reasons for their belief

12  that the Settlement Agreement is fair and reasonable during their initial motion for

13  preliminary approval, that was not because of collusion between the parties. *See*

14  Declaration of Todd Schneider in Support of Renewed Motion for Order Preliminarily

15  Approving Settlement, filed June 29, 2007 ("Second Schneider Decl.") at ¶¶16-17.

16      At no time was it the parties' attempt to collude, nor do the parties believe that any

17  collusion took place.  Both parties, on their own, conducted extensive discovery and

18  depositions to assess the likelihood of a finding of liability. *See* First Schneider Decl. at

19  ¶7 (20,000 pages of relevant documents reviewed, time and payroll data analyzed by an

20  expert, 12 Oracle representatives deposed, all three named Plaintiffs deposed, all relevant

21  documents produced by named Plaintiffs).  While the parties take to heart the Court's

22  concerns, at no time was either configuration of the Settlement Agreement in this case

23  the result of collusion.  Second Schneider Decl. at ¶¶16-17.

24  ### 2. The Second Amended Settlement Agreement Only Releases the FLSA Claims of Those Who Affirmatively Opt-In

25

26      In its June 19, 2007 Order and comments on July 5, 2007, the Court expressed

27  concern that the Settlement Agreement, as previously drafted, "would 'extinguish' any

28

Case No. C-06-6493 WHA
LEGAL_US_W # 56662585.3

10

MEMO OF POINTS AND AUTHORITIES IN SUPPORT
OF SECOND JOINT MOTION OF THE PARTIES FOR
ORDER PROVISIONALLY CERTIFYING SETTLEMENT

1  and all claims of the nationwide worker class whether or not they receive actual notice

2  and whether or not they submit claims, with all unclaimed amounts reverting to Oracle."

3  June 19, 2007 Order at 3:12-13.  Under the reconfigured Second Amended Settlement

4  Agreement, which the parties now present to the Court for approval, the release has been

5  narrowed, so that FLSA claims are released only for those who opt in and California

6  workers' California law claims are released on an opt-out basis, but only if the individual

7  is a current employee who received workplace notice or a former employee who did not

8  opt out and whose last mailed notice was not returned as undeliverable by the Postal

9  Service. *See* Second Amended Settlement Agreement at ¶¶2.s. and t, 14 and 31.f.

10  This also addresses the Court's concern that, in the previous agreement, "the

11  parties disagree fundamentally over the scope of the release to be extracted from the

12  class." (June 19, 2007 Order at 6:3-4.)  The parties have reached a full agreement on this

13  point; the Second Amended Settlement Agreement no longer contains a difference of

14  opinion between the parties on the scope of the release. *See* Second Amended Settlement

15  Agreement at ¶2.s. and t and 14.

16  The Court also expressed concern that "[t]here is a serious problem of personal

17  jurisdiction over non-California workers and the release of state-law claims outside

18  California." (June 19, 2007 Order at 11:9-10.)  The Second Amended Settlement

19  Agreement does not purport to release non-California state law claims at all, rendering

20  this concern moot.  In addition, any issues of personal jurisdiction over non-California

21  employees is addressed by the fact that there is no release of FLSA claims except by

22  those who opt in by filing a valid Claim Form, and thus accede to this Court's

23  jurisdiction, in order to release their claims. *See* Second Amended Settlement Agreement

24  at ¶2.s. and t and 14.

25  In addition, the Court, at the July 5, 2007 hearing, indicated it would not allow the

26  release of California or FLSA claims of Settlement Class Members who, even after all of

27  the procedures are undertaken to ensure that the Class Notice is sent to an updated

28  address, have their Class Notices returned as undeliverable.  The parties have since

Case No. C-06-6493 WHA
LEGAL_US_W # 56662585.3

11

MEMO OF POINTS AND AUTHORITIES IN SUPPORT
OF SECOND JOINT MOTION OF THE PARTIES FOR
ORDER PROVISIONALLY CERTIFYING SETTLEMENT

1  included a clause to that effect in the settlement.  *See* Second Amended Settlement

2  Agreement at ¶20.h.

3      Finally, in order to address a concern expressed by the Court at the July 5, 2007

4  hearing, the parties have reconfigured the settlement so that if a class member challenges

5  his number of weeks worked and is unsatisfied with the result of the review by the

6  Claims Administrator, he or she may choose to opt-out of the settlement.  *See* Second

7  Amended Settlement Agreement at ¶31.f.

8  **3.  Class Counsel's Attorneys' Fee Award Under the Settlement**
9  **Agreement Is Now Based on the Value of Claims Made, Rather than on**
   **the Total Value of the Settlement**

10

11      In its June 19, 2007 Order, the Court expressed reservations about Class Counsel

12  being awarded 25% of the total $9,000,000 settlement amount "regardless of how many

13  claims are actually submitted." (June 19, 2007 Order at 8:3-7.)  The Second Amended

14  Settlement Agreement addresses this issue by proposing an award of Class Counsel fees

15  in the amount of 25% of the total value of the claims actually made under the settlement.

16  *See* Second Amended Settlement Agreement at ¶30.b.  This ties Class Counsel's fee to

17  the actual participation in the settlement, as the Court desired, but also reflects the Ninth

18  Circuit's 25% "benchmark" for fee awards in common-fund cases.  *See Vizcaino v.*

19  *Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Six Mexican Workers v. Arizona*

20  *Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Paul, Johnson, Alston & Hunt v.*

21  *Graulty*, 886 F.2d 268, 272 (9th Cir. 1989); *In re Pacific Enterprises Security Litigation*,

22  47 F.3d 373, 379 (9th Cir. 1995); *In re Activision Securities Litigation*, 723 F. Supp.

23  1373, 1375 (N.D. Cal. 1989).  Under this fee structure, each class member who receives

24  an award effectively pays 25% of his or her award to Class Counsel as compensation for

25  the work Class Counsel put into this case, as well as for the fact that without Class

26  Counsel's efforts, the class members would not receive any award at all.  This also

27  represents a considerable discount from the standard one-third fee commonly taken in

28  contingency-fee cases.  *See Vizcaino*, 290 F.3d at 1051.

Case No. C-06-6493 WHA
LEGAL_US_W # 56662585.3

12

MEMO OF POINTS AND AUTHORITIES IN SUPPORT
OF SECOND JOINT MOTION OF THE PARTIES FOR
ORDER PROVISIONALLY CERTIFYING SETTLEMENT

1  The Court also noted that "it is premature to approve, even preliminarily, any

2  particular amount of fees or approach to granting fees." June 19, 2007 Order at 14:6-7.

3  Class Counsel does not seek, with this Motion, approval of an attorneys' fee award.

4  Class Counsel will make a motion, pursuant to FRCP 23(h), requesting to be awarded

5  25% of the total value of the claims actually made under the settlement. *See* Second

6  Amended Settlement Agreement at ¶30.a.  The proposed Class Notice informs Settlement

7  Class Members of this procedure.

### 4.  The Time and Effort Payments to the Named Plaintiffs, Much Deserved in this Case, Have Been Eliminated

10  The Court criticized the "[s]o-called 'incentive' payments" to named Plaintiffs.

11  (June 19, 2007 Order at 14:11-12.)  To be responsive to the Court's admonitions,

12  Plaintiffs have eliminated any entitlement to such a payment.

### 5.  The Disparity Between California and Non-California Workers Has Been Eliminated

15  In order to address the Court's concern that "the record does not justify the

16  disparity non-California workers would have to accept on their claims," the settlement

17  has been reconfigured to substantially narrow the disparity between California and non-

18  California workers.  June 19, 2007 Order at 9:20-21.  As shown above, the members of

19  the California overtime subclass and the members of the non-California subclass will

20  receive similar settlement shares per week worked, with the California employees getting

21  slightly more to account for the fact that California law provides for daily overtime

22  compensation and waiting time penalties, while FLSA does not. *See* Second Amended

23  Settlement Agreement at ¶31.

### 6.  Class Counsel Has Provided a Detailed Justification for the Inevitable Discount Taken in Order to Settle this Case

26  In its Order of June 19, 2007, this Court stated that "[w]hile this Court would defer

27  to the judgment of counsel in balancing the risks versus rewards of litigation, more must

28

Case No. C-06-6493 WHA
LEGAL_US_W # 56662585.3

13

MEMO OF POINTS AND AUTHORITIES IN SUPPORT
OF SECOND JOINT MOTION OF THE PARTIES FOR
ORDER PROVISIONALLY CERTIFYING SETTLEMENT

be explained than so far has been to justify the steep discount." June 19, 2007 Order at 10:16-18. Such a detailed explanation of the strengths and weaknesses of Plaintiffs' case inevitably involves the work product of Class Counsel and confidential settlement communications, and is not appropriate for public disclosure. To allay the Court's concerns, Class Counsel has submitted, under seal, a detailed explanation of the risks of this case, which shows why this settlement is, indeed, fair and reasonable to the Settlement Class Members. *See* Second Schneider Decl., filed under seal on July 2, 2007.

A summary of Defendant's enumeration of Plaintiffs' key risks in prevailing on the merits in this case is set forth in Section II above.

### 7. Plaintiffs Are Adequate to Represent All Three Subclasses

In its Order, the Court stated that the named Plaintiffs "are not adequate to represent residents of, say, New York and Mississippi." June 19, 2007 Order at 12:18-19. In addition, the Court noted that "[t]here is no named plaintiff for Subclass No. 2, the class covering the time period from September 20, 2004, forward." *Id.* at 12:25-26. Both of these problems have been eliminated by the Second Amended Settlement Agreement. First, this revised Settlement Agreement does not contain a release of any non-California state law claims. *See* Second Amended Settlement Agreement at ¶2.s. and t and 14. Because the named Plaintiffs worked both inside and outside California, they can adequately represent the California subclasses and the non-California subclass. Second, the subclasses have been reconfigured to be defined by the claims they encompass, rather than specific time periods. *See id.* at ¶¶10-11. Thus, named Plaintiffs are members of all three subclasses, and the California named Plaintiffs are adequate representatives of the California penalties subclass, since they have valid claims for missed meal and rest periods and waiting time penalties. *See* Second Schneider Decl. at ¶18, filed July 2, 2007.

Case No. C-06-6493 WHA
LEGAL_US_W # 56662585.3

14

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF SECOND JOINT MOTION OF THE PARTIES FOR ORDER PROVISIONALLY CERTIFYING SETTLEMENT

1

2

### 8. The Second Amended Settlement Agreement Provides for More Extensive Procedures to Ensure Settlement Class Members Receive Notice

3

4

5

6

7

8

9

10

11

12

In its June 19, 2007 Order, the Court indicated that it did not believe the method of notice provided for in the previous settlement was adequate. June 19, 2007 Order at 14:24-25. To address these concerns, the Second Amended Settlement Agreement incorporates the Court's suggestions by providing notice to Settlement Class Members who are currently employed by Oracle at their workplace, by emailing the Class Notice to their work email addresses and mailing the Class Notice to Settlement Class Members at their work addresses. Second Amended Settlement Agreement at ¶20. In addition, the Class Notice will be posted on Class Counsel's website until the Claims Administrator provides the parties and the Court with a final accounting of the mailing and payment of Settlement Awards. *Id.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Second Amended Settlement Agreement also provides for more extensive methods of ensuring that the Class Notice is mailed to the correct address of Settlement Class Members who are no longer employed by Oracle. The Second Amended Settlement Agreement provides that the Claims Administrator will do all of the following *before* mailing the Class Notice and Claim Form: (1) receive the last-known addresses, telephone numbers, and social security numbers of the Settlement Class Members; (2) run this class list through the United States Postal Service's National Change of Address database ("NCOA"). The NCOA database documents change of address requests filed with the post office and can cover up to a four-year period; (3) perform address searches using public and proprietary electronic resources which collect their data from various sources such as utility records, property tax records, motor vehicle registration records (where allowed) and credit bureaus; and (4) call last-known telephone numbers (and telephone numbers updated through public and proprietary databases) to contact Settlement Class Members to obtain their current addresses. *Id.* These processes will be

27

28

Case No. C-06-6493 WHA
LEGAL_US_W # 56662585.3

15

MEMO OF POINTS AND AUTHORITIES IN SUPPORT
OF SECOND JOINT MOTION OF THE PARTIES FOR
ORDER PROVISIONALLY CERTIFYING SETTLEMENT

1  repeated for those Settlement Class Members for whom the Class Notice is returned as

2  undelivered. *Id.*

3  ### 9. The Class Notice Is Clear, Straightforward, and Written in Plain English

4

5  To address the Court's concern that the prior Class Notice was "simply too hard to

6  understand[,]" June 19, 2007 Order at 15:21-23, the parties have redrafted the Class

7  Notice. *See* Class Notice, attached to the Second Amended Settlement Agreement as

8  Exhibit A. The simplified subclassing structure of the revised settlement also makes the

9  revised Class Notice more comprehensible.

10  The proposed Notice provides information on the meaning and nature of the

11  proposed settlement Class and class action, the terms and provisions of the Second

12  Amended Settlement Agreement, the monetary and other relief that Settlement

13  Agreement will provide Class members (including a clear explanation of the method of

14  allocating and paying settlement awards to claiming Settlement Class members in the

15  various subclasses, and of the claims process), the procedures and deadlines for making a

16  claim to a settlement award, opting out of the settlement or submitting objections, the

17  consequences of taking or foregoing the various options available to Class members, and

18  the date, time and place of the final settlement approval hearing.

19  Pursuant to Federal Rule of Civil Procedure 23(h), the proposed class notice sets

20  forth the amount of attorneys' fees and costs sought by Plaintiffs, as well as an

21  explanation of the procedure by which Plaintiffs' counsel will apply for them. In

22  addition, the notice explains that class members have the opportunity to object to, and

23  request a copy from Plaintiffs' counsel of, the Motion for Attorneys Fees and Costs.

24  The Class Notice also fulfills the requirement of neutrality in class notices. (*See*

25  4 NEWBERG § 8.39.) It summarizes the proceedings necessary to provide context for the

26  Second Amended Settlement Agreement and summarizes the terms and conditions of the

27  settlement, including an explanation of how the settlement amount will be allocated

28  between the named Plaintiffs, Class Counsel, the Settlement Administrator, and the Class

Case No. C-06-6493 WHA
LEGAL_US_W # 56662585.3

16

MEMO OF POINTS AND AUTHORITIES IN SUPPORT
OF SECOND JOINT MOTION OF THE PARTIES FOR
ORDER PROVISIONALLY CERTIFYING SETTLEMENT

1   members, in an informative, coherent and easy-to-understand manner, all in compliance

2   with the Manual for Complex Litigation's observation that "the notice contain a clear,

3   accurate description of the terms of the settlement." (MANUAL FOR COMPLEX

4   LITIGATION (THIRD) ("MANUAL") at § 21.312.)  The Class Notice clearly states that the

5   settlement does not constitute an admission of liability by Oracle.  It makes clear that the

6   final settlement approval decision has yet to be made.  Accordingly, the Class Notice

7   complies with the standards of fairness, completeness, and neutrality required of a

8   settlement class notice disseminated under authority of the Court.  (4 NEWBERG, §§ 8.21

9   and 8.39; MANUAL, § 21.311 and 21.312.)

### 10. The Revised Settlement Provides a Substantial Recovery to the Settlement Class Members

12   The Net Settlement Amount of approximately $6,607,500 (derived from a Total

13   Settlement Amount of $8,950,000) will result in a significant average payment to each

14   settlement class member: an average of approximately $6,757.61 for the members of the

15   California overtime class, approximately $5,257.49 for the non-California class, and

16   approximately $1,097.56 for the California penalties class.  This is a very substantial

17   recovery, particularly given the risks and uncertainties of litigating a class action such as

18   this one.  If not all Settlement Class Members assert claims, the amount of Class

19   Counsel's fee will be reduced and the average/median Settlement Awards to the

20   Settlement Class Members are likely to exceed the above-referenced projections.

21   Defendant denies that any violations have occurred either in the past or present.

22   The result is not only well within the reasonable standard, but Plaintiffs' counsel believes

23   quite good when considering the difficulty and risks of this litigation.  Declaration of

24   Hank Willson in Support of Renewed Motion for Order Preliminarily Approving

25   Settlement ("Willson Decl."), filed June 29, 2007, at ¶3.

Case No. C-06-6493 WHA
LEGAL_US_W # 56662585.3

17

MEMO OF POINTS AND AUTHORITIES IN SUPPORT
OF SECOND JOINT MOTION OF THE PARTIES FOR
ORDER PROVISIONALLY CERTIFYING SETTLEMENT

1
2
### 11. The Settlement Was Reached After Extensive Investigation, Discovery and Analysis of the Class Claims

3      Before the mediation, Plaintiffs' counsel engaged in extensive discovery regarding

4 both the merits of Plaintiffs' claims and the appropriateness of this case for class

5 certification. Plaintiffs' counsel reviewed more than 20,000 pages of documents relating

6 to Oracle's pay policies and records, time records, and Oracle's decision to reclassify its

7 sales consultants as not exempt from the overtime laws. *See* Willson Decl. at ¶4, filed

8 June 29, 2007. Plaintiffs' counsel also analyzed, with the help of an expert, Oracle's

9 time and pay records for all members of the class covered by the Second Amended

10 Settlement Agreement to estimate the amount of lost wages implicated by Plaintiffs'

11 claims. *Id.* Plaintiffs' counsel also deposed, at length, twelve of Oracle's managers and

12 vice presidents (including four FRCP 30(b)(6) designee witnesses), relating to sales

13 consultants' job duties, Oracle's pay policies, and Oracle's decision to reclassify its sales

14 consultants. *Id.*

15
### 12. Litigation of this Action Would Be Expensive and Time Consuming, and Would Delay Recovery

16

17      If this case were to go to trial, it is estimated that fees and costs would well exceed

18 $2.5 million per side, and may be upward of $4 million.

19      Litigating Plaintiffs' claims in this action would require substantial additional

20 preparation and discovery. It ultimately would involve the deposition and presentation of

21 numerous witnesses; the consideration, preparation and presentation of documentary

22 evidence; and the preparation and analysis of expert reports. In addition, Oracle would

23 likely move to decertify any class certified and appeal any adverse ruling on its policy of

24 classifying its sales consultants as exempt from the overtime laws. In contrast, the

25 Second Amended Settlement Agreement will yield a prompt, certain, and very substantial

26 recovery for the Class. Such a result will benefit the parties and the court system.

27
28

Case No. C-06-6493 WHA
LEGAL_US_W # 56662585.3

18

MEMO OF POINTS AND AUTHORITIES IN SUPPORT
OF SECOND JOINT MOTION OF THE PARTIES FOR
ORDER PROVISIONALLY CERTIFYING SETTLEMENT

## IV.   PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE

The parties seek approval for settlement purposes only of a Settlement Class consisting of the three subclasses listed in Section I above.

It is well-settled that class certification should be granted if the requirements of FRCP 23(a) are satisfied and at least one of the requirements of Rule 23(b) is satisfied. Rule 23(a) provides that class certification is appropriate if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of either law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *See, e.g.*, *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). All of the requirements of Rule 23(a) are met in this case for purposes of settlement. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

All of the Class members have worked for Oracle and may be readily identified through payroll records and other documents in the possession of Oracle. The proposed class consists, according to Oracle's records, of approximately 1159 persons, making the proposed class sufficiently numerous.

According to Plaintiffs, common questions of law and fact predominate. The common issues, which predominate in this action, include: (1) whether sales consultant employees in the Covered Job Codes are properly qualified for any one of the various exemptions from the overtime laws; (2) whether sales consultant employees in the Covered Job Codes are entitled to overtime compensation for their overtime hours worked; and (2) whether Oracle was willful in its failure to pay overtime compensation to its sales consultant employees in the Covered Job Codes.

To satisfy the requirement of typicality, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *General Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 156 (1982). "Under the rule's

Case No. C-06-6493 WHA
LEGAL_US_W # 56662585.3

19

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF SECOND JOINT MOTION OF THE PARTIES FOR ORDER PROVISIONALLY CERTIFYING SETTLEMENT

1   permissive standards, representative claims are 'typical' if they are reasonably

2   coextensive with those of absent class members; they need not be substantially identical."

3   *Hanlon, et al. v. Chrysler Corporation,* 150 F. 3d 1011, 1020 (9th Cir. 1998).  Plaintiffs

4   contend that their claims are sufficiently typical of the common claims presented.

5   Plaintiffs were sales consultant employees of Oracle in the Covered Job Codes who

6   worked overtime but were not paid overtime compensation, and who claim that they were

7   denied meal and rest periods from time to time during their employment.

8          Representation is adequate if (a) the named representative appears able to

9   prosecute the action vigorously through qualified counsel; and (b) the class representative

10  is not disqualified by interests antagonistic to the remainder of the class.  *Lerwill v.*

11  *Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978).  There is no conflict

12  between Plaintiffs and the Settlement Class in this case; Plaintiffs' claims are in line with

13  the claims of the class.  Plaintiffs have and will continue to aggressively and competently

14  assert the interests of the Class, and Plaintiffs' counsel is skilled and experienced in wage

15  and hour class action litigation.  Plaintiffs submit that class treatment of these claims is

16  appropriate where, as here, the legality of a policy or program as a whole is at issue.

17         Under Rule 23(b)(3), class certification is appropriate if "the court finds that the

18  questions of law or fact common to the members of the class predominate over any

19  questions affecting only individual members, and that a class action is superior to other

20  available methods for the fair and efficient adjudication of the controversy."  For the

21  reasons discussed, the settlement class defined above satisfies the predominance

22  requirement.  Moreover, allowing the class members the opportunity to participate in a

23  class settlement that yields an immediate and substantial benefit is highly superior to

24  having a multiplicity of individual and duplicative proceedings in this Court and in

25  arbitrations across the country.  It also is superior to the alternative of leaving these

26  important labor rights unredressed due to the difficulty of finding legal representation and

27  filing claims on an individualized basis.

28

Case No. C-06-6493 WHA
LEGAL_US_W # 56662585.3

20

MEMO OF POINTS AND AUTHORITIES IN SUPPORT
OF SECOND JOINT MOTION OF THE PARTIES FOR
ORDER PROVISIONALLY CERTIFYING SETTLEMENT

## V. THE PROPOSED NOTICE PROVIDES ADEQUATE NOTICE TO THE CLASS AND SATISFIES DUE PROCESS

The parties propose to send by first-class mail to each class member a Claim Form, in the form attached to the Second Amended Settlement Agreement as Exhibit B, and a Notice of Class Action Settlement, in the form attached to the Settlement Agreement as Exhibit A.

The parties propose that the Claim Form and Class Notice be sent to all known and reasonably ascertainable class members based on Oracle's records, and data obtained by the Settlement Administrator, if necessary. The Settlement ensures that all Settlement Class Members receive notice by providing notice to current employees through mail and email to their work addresses, taking all available steps to update the addresses of former Settlement Class Members before Class Notice is mailed through database checks and telephone calls, and providing notice on the internet. These steps will be repeated for any Settlement Class Member for whom a Notice or Claim Form is returned by the post office as undeliverable. The Claims Administrator will then promptly re-mail the Notice and Claim Form to Settlement Class Members for whom new addresses are found. This notice plan is consistent with class certification notices approved by numerous state and federal courts, and is, under the circumstances of this case, the best notice practicable.

## VI. THE PROPOSED SCHEDULING ORDER

The following schedule sets forth a proposed sequence for the relevant dates and deadlines (*see also* [proposed] Order), assuming the Court preliminarily approves the Settlement.

| | |
|---|---|
| Class List to the Claims Administrator: | 5 days after preliminary approval |
| Deposit of Settlement Funds with the Claims Administrator, who will deposit the funds into Qualified Settlement Fund to Which Parties' Counsel Mutually Agree | 5 days after preliminary approval |

Case No. C-06-6493 WHA
LEGAL_US_W # 56662585.3

21

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF SECOND JOINT MOTION OF THE PARTIES FOR ORDER PROVISIONALLY CERTIFYING SETTLEMENT

| Attorneys' Fees Motion Filed: | 15 days after preliminary approval |
|---|---|
| Class Notice and Claim Form Mailed to Class Members: | 25 days after preliminary approval |
| Last Day to File Objections and Opt-Out Notices: | 65 days after mailing of Class Notice and Claim Form |
| Last Day to Submit Claim: | 100 days after preliminary approval |
| Last Day for the Parties to Reject Settlement: | 105 days after preliminary approval |
| Last Day to File Motion for Final Approval of Settlement: | 121 days after preliminary approval |
| Last Day to File Response to Objections (if any): | 121 days after preliminary approval |
| Fairness Hearing and Fee Approval Hearing: | 136 days after preliminary approval |
| List of All Qualifying Class Members ("List"): | 10 days after Effective Date |
| Payment of Attorneys' Fees: | 10 days after Effective Date |
| Counsel's Changes, if any, to List: | 5 days after production of List |
| Deadline for Payments of Claims to Class Members and Named Plaintiffs: | 25 business days after Effective Date |
| Report on Settlement Administration: | 120 days after Effective Date |
| Plaintiffs File Request for Dismissal: | 125 days after Effective Date |

## VII.   CONCLUSION

For all the foregoing reasons, the parties respectfully request that this Court grant preliminary approval of the Second Amended Settlement Agreement, including the proposed form and distribution of Class Notice and Claim Forms, and the appointment of the third party Claims Administrator.  The parties further request that the Court set a

1   schedule for notice, claims administration and the final approval hearing, as set forth

2   herein.

3           Respectfully submitted,

4

5   DATED:  July 16, 2007              TODD M. SCHNEIDER
                                        W.H. "HANK" WILLSON, IV
6                                       RACHEL E. BRILL
                                        SCHNEIDER & WALLACE
7

8                                       By: /s/ Hank Willson
                                                    Hank Willson
9
                                        Attorneys for Plaintiffs
10                                      MADHAV KAKANI, GENNADY BRIN, RANJIV
                                        JAIN AND THE PUTATIVE CLASS
11
    DATED:  July 16, 2007              NANCY L. ABELL
12                                      CYNTHIA J. EMRY
                                        ELIZABETH A. BROWN
13                                      PAUL, HASTINGS, JANOFSKY & WALKER LLP

14

15                                      By: /s/ Nancy Abell
                                                    Nancy L. Abell
16
                                        Attorneys for Defendant
17                                      ORACLE CORPORATION

18

19

20

21

22

23

24

25

26

27

28