**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MADHAV KAKANI, GENNADY BRIN, and RANJIV JAIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ORACLE CORPORATION,<br><br>Defendants. | Case No. C-06-06493 WHA<br><br>**EXHIBIT A:<br>NOTICE OF CLASS ACTION SETTLEMENT**<br><br>The Hon. Judge William H. Alsup |

**TO: ALL PERSONS WHO HAVE WORKED FOR ORACLE CORPORATION OR ORACLE USA, INC. ("ORACLE") IN ANY JOB CODES LISTED IN SECTION III BELOW DURING THE ELIGIBILITY PERIODS LISTED THEREIN**

**RE: SETTLEMENT OF CLAIMS FOR ALLEGED WAGE-HOUR VIOLATIONS, INCLUDING UNPAID OVERTIME COMPENSATION AND ALL RELATED CLAIMS FOR RELIEF**

**PLEASE READ THIS NOTICE CAREFULLY:
IT MAY AFFECT YOUR LEGAL RIGHTS**

**YOU MAY BE ENTITLED TO MONEY FROM THIS SETTLEMENT**

**IF YOU WISH TO PARTICIPATE IN THIS SETTLEMENT, YOU MUST SIGN AND RETURN THE ATTACHED CLAIM FORM TO THE CLAIMS ADMINISTRATOR BY NOVEMBER 12, 2007.**

**I.    INTRODUCTION**

This Notice of Class Action Settlement ("Notice") is to inform you that Oracle Corporation ("Oracle" or "Defendant") has agreed to settle a class action lawsuit titled *Kakani et al v. Oracle Corporation*, United States District Court for the Northern District

of California, Case No. C-06-6493 WHA ("Class Action"), filed by Plaintiffs Madhav Kakani, Gennady Brin and Ranjiv Jain, on behalf of themselves and others similarly situated ("Representative Plaintiffs" or "Plaintiffs"), against Oracle claiming that Oracle violated federal and California law by failing to pay overtime compensation to various sales consultants for their overtime hours worked. The Representative Plaintiffs also claim that Oracle violated various California laws for California employees by failing to (i) provide off-duty meal and rest periods, (ii) pay wages in a timely manner, and (iii) provide proper pay check stubs and other wage-hour records.

**THIS NOTICE IS TO INFORM YOU ABOUT:**

1. THE STATUS OF THE CLASS ACTION, INCLUDING A STATEMENT OF YOUR RIGHTS WITH RESPECT TO THE PROPOSED SETTLEMENT OF THE CASE;
2. HOW YOU MUST SUBMIT THE ENCLOSED "CLAIM FORM" TO RECEIVE A SHARE OF THE SETTLEMENT FUNDS;
3. YOUR OPTION TO CHALLENGE THE RECORD AS TO WHETHER YOU WORKED IN A COVERED JOB CODE AND THE NUMBER OF WEEKS YOU WORKED IN A COVERED JOB CODE DURING THE CLASS ELIGIBILITY PERIOD;
4. YOUR OPTION TO FILE WITH THE COURT ANY OBJECTIONS YOU MAY HAVE TO THE SETTLEMENT;
5. YOUR OPTION TO EXCLUDE YOURSELF FROM THE PROPOSED SETTLEMENT BY "OPTING OUT"; and
6. YOUR OPTION TO CHALLENGE AN AWARD OF ATTORNEYS' FEES AND COSTS TO CLASS COUNSEL.

**II.  DESCRIPTION OF THE LAWSUIT**

Plaintiffs filed this Class Action in United States District Court for the Northern District of California on October 17, 2006, to challenge Oracle's alleged policies and

practices of considering its sales consultants as "exempt" from federal and California overtime laws, and, as a result, allegedly violating those federal and California overtime laws by not paying overtime compensation. In addition, the Class Action made claims on behalf of sales consultants in California alleging that Oracle violated California law by failing to provide those sales consultants with meal and rest periods, failing to pay wages in a timely manner, failing to prepare and maintain proper pay check stubs and other wage-hour records, and failing to pay various wage-hour and record-keeping penalties.

Oracle has denied and continues to deny the claims asserted or attempted to be asserted in the Class Action. Oracle has asserted and continues to assert defenses to this Class Action. And, Oracle has expressly denied and continues to deny any wrongdoing or legal liability of any nature whatsoever. Neither the settlement of the Class Action nor any action taken to carry out the settlement is, may be construed as, or may be used as an admission, concession, or indication by or against Oracle or anyone else of any fault, wrongdoing, or liability whatsoever.

After a significant investigation of the facts and law, on May 7, 2007, the Parties participated in mediation in San Francisco, California before David Rotman, Esq., an experienced mediator. At the conclusion of this mediation, the Parties reached a settlement subject to Court approval. Plaintiffs' counsel believe that the settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of all known facts and circumstances, including the significant risks and delays of litigation that are presented by the numerous defenses and potential issues for appeal that Oracle has asserted. The Representative Plaintiffs in this action and Oracle have agreed to the settlement.

This Notice is the next stage of the process. At this notice stage, the Court invites Settlement Class members to comment regarding their views of the adequacy of the settlement, pro or con, in writing to the Oracle Claims Administrator, whose address is shown in Section IV below. Sales consultants who are covered by the terms of the settlement receive this Notice of the settlement and have an opportunity to review it, so that

they can determine whether or not to participate in, object to, or opt out of the settlement. After this occurs (in accordance with the timelines described below), the Court will hold a "fairness hearing" to determine whether to grant "final approval" of the settlement.

This Notice was sent to you because Oracle's records indicate that you were employed in one or more of the Job Codes that are covered by the settlement, listed in Section III below, at some point during the eligibility period which began on October 17, 2002 for those who worked in the State of California and on October 17, 2003 for those who worked in the United States in a state other than California. If so, this settlement may affect your rights.

### III. TERMS OF THE SETTLEMENT AGREEMENT

#### A. Class Certification

For purposes of settling this lawsuit, Representative Plaintiffs and Oracle ("the Parties"), and their respective counsel, stipulate and agree that the requisites for establishing class certification with respect to the Settlement Class have been met and are met. For Settlement Purposes only, the Parties have agreed that the "Settlement Class" will consist of three subclasses, defined as:

**Class 1**: All individuals who were employed in one of the job codes and job titles below at Defendant or Oracle USA, Inc. in the State of California between October 17, 2002 and the date(s) that Defendant or Oracle USA, Inc. made those individuals (or the individuals in their job code(s)) eligible for overtime compensation, for the purposes of Plaintiffs' claims for alleged unpaid overtime and waiting time penalties under California Labor Code §§201-203, and interest on those amounts alleged in the Complaint:

| Covered Job Codes | Job Titles |
|---|---|
| 9001 | Associate Sales Consultant, Applications or Technology Sales Consultant |

| | |
|---|---|
| 9101 | Staff Sales Consultant |
| 9201 | Senior Sales Consultant |
| 91500 | LAD Associate Sales Consultant |
| 91510 | LAD Staff Sales Consultant |
| 93841 | Technologist 1 |
| 93842 | Technologist 2 |
| 93843 | Technologist 3 |
| **Covered Job Codes** | **Job Titles in Oracle Direct** |
| 9001 | Associate Sales Consultant, Associate Internet Sales Consultant |
| 9101 | Staff Sales Consultant, Staff Internet Sales Consultant |
| 9201 | Senior Sales Consultant, Senior Internet Sales Consultant |
| **Covered Job Codes** | **Job Titles in Oracle Education** |
| 9001 | Associate Sales Consultant, Associate Telesales Sales Consultant |
| 9101 | Staff Sales Consultant, Staff Telesales Sales Consultant |
| 9201 | Senior Sales Consultant, Senior Telesales Sales Consultant |

**Class 2**: All individuals who are currently employed, or formerly have been employed, in one of the job codes and job titles below at Defendant or Oracle USA, Inc. in the State of California between October 17, 2002 and the date of preliminary approval of the Settlement Agreement, for the purposes of Plaintiffs' claims for allegedly denied meal and rest periods, record-keeping and other wage-hour penalties and interest on those amounts alleged in the Complaint:

| Covered Job Codes | Job Titles |
|---|---|
| 9001 | Associate Sales Consultant, Applications or Technology Sales Consultant |
| 9101 | Staff Sales Consultant |
| 9201 | Senior Sales Consultant |
| 91500 | LAD Associate Sales Consultant |
| 91510 | LAD Staff Sales Consultant |
| 93841 | Technologist 1 |
| 93842 | Technologist 2 |
| 93843 | Technologist 3 |
| **Covered Job Codes** | **Job Titles in Oracle Direct** |
| 3410 and 9001 | Associate Sales Consultant, Associate Internet Sales Consultant |
| 3420 and 9101 | Staff Sales Consultant, Staff Internet Sales Consultant |
| 3430 and 9201 | Senior Sales Consultant, Senior Internet Sales Consultant |
| **Covered Job Codes** | **Job Titles in Oracle Education** |
| 9001 and 9810 | Associate Sales Consultant, Associate Telesales Sales Consultant |
| 9101 and 9820 | Staff Sales Consultant, Staff Telesales Sales Consultant |
| 9201 and 9830 | Senior Sales Consultant, Senior Telesales Sales Consultant |

**Class 3 (FLSA Collective Action)**: All individuals who were employed in one of the job codes and job titles below at Defendant or Oracle USA, Inc. in the United States but outside the State of California between October 17, 2003 and the date(s) that Defendant or Oracle USA, Inc. made those individuals (or the individuals in their job code(s)) eligible for overtime compensation, for the purposes of Plaintiffs' claims for alleged unpaid overtime, liquidated damages, and interest alleged in the

Complaint under the Fair Labor Standards Act:

| Job Codes | Job Titles |
|---|---|
| 9001 | Associate Sales Consultant, Applications or Technology Sales Consultant |
| 9101 | Staff Sales Consultant |
| 9201 | Senior Sales Consultant |
| 91500 | LAD Associate Sales Consultant |
| 91510 | LAD Staff Sales Consultant |
| 93841 | Technologist 1 |
| 93842 | Technologist 2 |
| 93843 | Technologist 3 |
| **Job Codes** | **Job Titles in Oracle Direct** |
| 9001 | Associate Sales Consultant, Associate Internet Sales Consultant |
| 9101 | Staff Sales Consultant, Staff Internet Sales Consultant |
| 9201 | Senior Sales Consultant, Senior Internet Sales Consultant |
| **Job Codes** | **Job Titles in Oracle Education** |
| 9001 | Associate Sales Consultant, Associate Telesales Sales Consultant |
| 9101 | Staff Sales Consultant, Staff Telesales Sales Consultant |
| 9201 | Senior Sales Consultant, Senior Telesales Sales Consultant |

**B.  Settlement Funds and Settlement Award Calculation**

The Parties have agreed that the maximum Funds Available for Settlement shall be Eight Million Nine Hundred Fifty Thousand Dollars ($8,950,000) (the "Funds Available for Settlement").  Oracle will not be required to pay any more than that $8,950,000 amount.

1  This amount represents approximately 15% of the potential maximum amount, including
2  penalties and interest, for which Oracle could have been found liable if this case had gone
3  to trial, Plaintiffs had prevailed on all claims, and there had been a finding that all class
4  members were entitled to all elements of damages on these claims.  The Representative
5  Plaintiffs and Class Counsel believe, after extensive analysis of the facts and law, that the
6  likelihood of actually recovering that potential maximum amount at trial is low.  In
7  addition, Class Counsel recognizes the possibility that if this case were to go to trial,
8  Plaintiffs and the class may not prevail at all, and no one would recover anything.

In order to receive a payment through the settlement, Settlement Class members must return their signed Claim Form (which also was mailed to you as part of this notice packet) in a timely fashion.  All unclaimed funds (including settlement checks that are claimed but then are not cashed within 180 days of the date they are issued) will be paid back to Oracle.

Out of the $8,950,000 Funds Available for Settlement comes (1) the costs of administration of the settlement (which will not exceed $65,000); and (2) the amount of Plaintiffs' counsels' attorneys' fees and costs which the Court determines to be reasonable.  Under the terms of the Settlement Agreement, the amount paid to Plaintiffs' counsel for their costs of bringing this suit will not exceed $75,000, and the amount paid to Plaintiffs' counsel for their attorneys' fees will not exceed 25% of the claims made under the settlement.  Under this formula, the amount of attorneys' fees paid to Plaintiffs' counsel will at most be $2,202,500.

That leaves, at least, $6,607,500 as Net Funds Available for Settlement for distribution to the Settlement Class members.  To calculate the individual Settlement Awards, the Claims Administrator will verify the number of weeks worked by each member of the Settlement Class in the class periods set forth above (whether or not he/she submits a Claim Form) by using Oracle's records.  (Time on any leave of absence will not count toward any week worked.)  Each week worked in one of the three Settlement Classes will count as one Settlement Share.

1  The Claims Administrator will multiply each week worked as follows to determine
2  the total number of outstanding Settlement Shares:
3  o   all weeks in Class 1 by 7;
4  o   all weeks in Class 2 by 1; and
5  o   all weeks in Class 3 by 6; and.
6  The Claims Administrator will multiply each week worked by each Settlement Class
7  member as follows to determine the total number of Settlement Shares that each Settlement
8  Class member will receive:
9  o   all weeks worked by the Settlement Class member in Class 1 by 7;
10 o   all weeks worked by the Settlement Class member in Class 2 by 1; and
11 o   all weeks worked by the Settlement Class member in Class 3 by 6.
12 Each Settlement Class member's "Settlement Award" will be calculated by (i)
13 dividing the total number of his/her Settlement Shares by the total number of Settlement
14 Shares outstanding; and (ii) multiplying that percentage by the Net Funds Available for
15 Settlement.
16 **Settlement Class members will only receive a Settlement Award if they sign**
17 **under penalty of perjury and return the enclosed Claim Form by November 12, 2007,**
18 **and they do not opt of the settlement.  (Opt out procedures are explained in Section**
19 **VIII below.)**
20 This summary of the proposed settlement agreement in this Notice does not include
21 all of the terms and conditions of the settlement.  The only complete statement of the terms
22 of the proposed settlement is in the Second Amended Joint Stipulation of Class Action
23 Settlement between Plaintiffs and Defendant; Settlement Agreement and Release
24 ("Settlement Agreement").  Copies of the Settlement Agreement are available for
25 inspection or copying from Plaintiffs' counsel or the United States District Court for the
26 Northern District of California, which is located at 450 Golden Gate Ave., 16th Floor, San
27 Francisco, CA 94102.  PLEASE DO NOT CALL THE COURT OR THE JUDGE.
28

IV. **THE CLAIM FORM**

**Settlement Class members must sign, under penalty of perjury, and submit by November 12, 2007, the enclosed Claim Form in order to receive their share of the settlement**. Claim Forms must be submitted to the Claims Administrator at the following address:

> Oracle Claims Administrator
> RG2 Claims Administration LLC
> P.O. Box 59479
> Philadelphia, PA 19102-9479

**CLAIM FORMS MUST BE POSTMARKED BY NOVEMBER 12, 2007, IN ORDER TO BE CONSIDERED.  ABSENT SPECIAL CIRCUMSTANCES SPECIFIED IN THE SETTLEMENT AGREEMENT, THE DATE OF THE POSTMARK SHALL BE THE EXCLUSIVE MEANS USED TO DETERMINE WHETHER A SETTLEMENT CLASS MEMBER HAS TIMELY RETURNED HIS/HER CLAIM FORM.**

The Claim Form is enclosed with this Notice.  The Claim Form shows the Settlement Class that you are a part of, the number of weeks you worked in a Covered Job Code for Oracle, and an estimate of your Settlement Award.

The exact amount to be paid to you and every other Settlement Class member who participates in the settlement will be calculated after the deadline for submitting Claim Forms.  At that time, the Claims Administrator will calculate the Settlement Award.

V. **RIGHT TO CHALLENGE EMPLOYMENT DATES**

You have the right to challenge the number of weeks the Claim Form shows that you worked in one or more of the Settlement Classes.  If you believe in good faith that the weeks you worked for Oracle as shown on the Claim Form are incorrect and you wish to challenge them, you must write on the Claim Form the dates corresponding to the weeks you contend you worked during the relevant time period in one or more of the Settlement Classes, sign the Claim Form under penalty of perjury, and return the Claim Form to the

1  Oracle Claims Administrator, RG2 Claims Administration LLC, P.O. Box 59479,
2  Philadelphia, PA 19102-9479, so that it is postmarked by November 12, 2007.  (If Claim
3  Forms are delivered by any means other than United States first class mail, they must
4  actually be received by November 12, 2007 to be timely.)

5       If you sign and timely return a corrected Claim Form with different weeks of work in
6  any Covered Job Code, the Claims Administrator will investigate and review your Oracle
7  records to determine whether the information on the Claim Form is correct.  By submitting
8  a corrected Claim Form, you will authorize the Claims Administrator to review your Oracle
9  records to determine the weeks you worked.  If you submit a corrected Claim Form, you
10 should also submit along with the Claim Form any written documentation that you have
11 supporting your contention that you worked a different number of weeks in a Covered Job
12 Code during the Eligibility Period.

13      After reviewing the Oracle records and consulting with attorneys for Plaintiffs and
14 Oracle, the Claims Administrator will determine the number of weeks to be used in
15 computing your settlement share.  Your share may be increased or decreased as a result of
16 this process.  The Claims Administrator's decision regarding the weeks you worked will be
17 final.  The Claims Administrator will notify you by mail of its decision.  If the Claims
18 Administrator does not agree with your contention about weeks worked, you will have
19 twenty-one (21) calendar days from the date of the postmark on that letter from the Claims
20 Administrator to opt out of the settlement by following the directions in Section VIII
21 below.

22 **VI.     PAYMENT OF SETTLEMENT AWARDS**

23      After all signed and timely submitted Claim Forms are received, all challenges
24 regarding weeks worked are resolved, the Court finally approves the settlement and the
25 settlement becomes effective, the Claims Administrator will mail to each Settlement Class
26 member who submitted a valid Claim Form a check in the amount of his or her Settlement
27 Award.  This check will be in full settlement of any and all Settled Claims under California
28

Law and Settled Claims under the Fair Labor Standards Act, known or unknown, as described in Section VI below.  State and federal income taxes will be withheld from the paychecks issued to the Settlement Class members who submit a valid Claim Form.  75% of all payments to the Eligible Class Members (as defined in Section VII below) will be treated as wages subject to W2 reporting and, therefore, normal payroll taxes and withholdings will be deducted by the Claims Administrator pursuant to state and federal law and remitted to the appropriate authorities.  Defendant also will pay its portion of payroll taxes on this 75%, and those amounts will not be deducted from the payments to Eligible Class Members.  The other 25% represents interest and penalties sought in the lawsuit.  The Claims Administrator will issue Eligible Class Members an IRS Form 1099 for that portion of their payments and each Eligible Class Member shall be solely responsible for all applicable federal, state and local taxes with respect to such payment.

If any check issued by the Claims Administrator is not cashed within 180 days following the issuance of the check, such check will be void and the amount of the Settlement Award contained therein will revert back to Oracle.  Settlement Class Members who make a claim and receive a Settlement Award but do not cash their checks will be deemed to have waived irrevocably any right in or claim to their Settlement Award, unless they have opted out of the settlement in the manner specified in Section VIII below.

## VII. BINDING EFFECT AND CLASS RELEASE

The Settlement Agreement is binding on you if you are an "Eligible Class Member."

(1) You are an Eligible Class Member, and thus **you release all "Settled Claims under California Law"** against the "Released Parties" described below, **if you are a member of Class 1 and/or 2, listed in Section III, and you do not opt out of the Settlement Agreement (using the procedures described at Section VIII below)**.  Settled Claims under California Law include any and all claims that were asserted in the Complaint in *Kakani, et al., on behalf of himself and others similarly situated, Plaintiffs, vs. Oracle Corporation, Defendant,* United States District Court, Northern District of

1  California Case No. C-06-6493 WHA ("the *Kakani* case"), arising under the California
2  Labor Code §§201-203, 204, 210, 218 - 218.6, 226, 226.3, 226.7, 510, 512, 1194, 1197, <u>et</u>
3  <u>seq.</u>, the California Code of Civil Procedure § 1021.5 and the California Business and
4  Professions Code §§11040, 11070, 17200, *et seq*., whether known or unknown, that
5  accrued any time prior to August 2, 2007.  This means that if you are a member of Class 1
6  and/or Class 2 and you do not timely opt out of the Settlement Agreement, you release any
7  and all of these Settled Claims.

8  (2)   You are an Eligible Class Member, and thus **you release all "Settled Claims**
9  **under the Fair Labor Standards Act" against the "Released Parties," if you are a**
10 **member of Classes 1, 2 and/or 3, listed in Section III, you submit a timely and valid**
11 **Claim Form**, *and* you <u>do not</u> timely opt out using the procedures described at Section VIII
12 below.  Settled Claims under the Fair Labor Standards Act include any and all claims that
13 were asserted in the Complaint in the *Kakani* case, arising under the Fair Labor Standards
14 Act, whether known or unknown, accruing any time prior to August 2, 2007.

15 The "Released Parties" are (i) Oracle Corporation; (ii) past or present subsidiaries,
16 divisions, parents, and successors or assigns of Oracle Corporation, including but not
17 limited to Oracle USA, Inc.; and (iii) past or present officers, directors, shareholders,
18 partners, agents, employees, advisors, insurers, attorneys, representatives, trustees, heirs,
19 executors, administrators, and predecessors or successors or assigns of any of those
20 entities.

21 Any recovery achieved by an Eligible Class Member who worked in California based
22 upon the facts giving rise to the Complaint in the *Kakani* case will be off-set by the amount
23 of the Settlement Award received by the Eligible Class Member pursuant to this Settlement
24 Agreement.  Any recovery achieved by an Eligible Class Member in a case alleging claims
25 under the laws of any state other than California based upon the facts giving rise to the
26 Complaint in the *Kakani* case will be off-set by the amount of the Settlement Award
27 received by the Eligible Class Member pursuant to this Settlement Agreement.  This means
28

that if you accept a Settlement Award under this Settlement Agreement, any amount you might recover under a California or non-California state law for any overtime compensation, liquidated damages, penalties or interest that you believe that Oracle or Oracle USA, Inc. did not pay you will be reduced by the amount of your Settlement Award.

The Settled Claims under California Law and Settled Claims under the Fair Labor Standards Act include any unknown claims which, if known, might have affected any Eligible Class Member's settlement with, and release of, Oracle Corporation and Oracle USA, Inc., or might have affected his or her decision not to object to this settlement.  With respect to such Settled Claims, each Eligible Class Member stipulates and agrees that, upon the Effective Date of the settlement, he or she shall be deemed to have, and by operation of the Final Order shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Even if an Eligible Class Members discovers facts in addition to or different from those known or believed to be true with respect to the subject matter of any of the Settled Claims referenced above, upon the final approval of this Settlement Agreement, he or she shall be deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled and released any and all of the Settled Claims under California Law and Settled Claims under the Fair Labor Standards Act, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or

1  existence of such different or additional facts.

2  **VIII. <u>YOU MAY EXCLUDE YOURSELF FROM THE SETTLEMENT</u>**

You have the right to opt-out of this settlement.  If you opt out, (a) you will have no right to receive any money under the settlement of this lawsuit; (b) you will not be bound by the settlement in this lawsuit; and (c) you may bring or participate in a separate lawsuit against Oracle.  If you opt out of this settlement and bring or participate in a separate lawsuit, you may lose your case and receive nothing, you may obtain less money or more money than you could get under this settlement if you prevail, and it may take several years to obtain any such money.

To opt out of this settlement, you **must** submit a <u>written statement</u> stating that you want to opt out of this settlement.  Such written request for exclusion must contain your name, address, employee number or social security number, telephone number, and the years of your employment by Defendant and must be personally signed by you.  It also must contain the following statement:

> I, [NAME], was or am employed by Oracle Corporation or Oracle USA, Inc. between [DATES of EMPLOYMENT] as a [COVERED JOB CODE and TITLE].  I hereby exercise my right to opt out of the Settlement, knowing that by doing so I waive any and all rights I may have to participate in that Settlement and to be paid any portion of the settlement proceeds that I would otherwise be eligible to receive under that Settlement.

If you have worked in California in any of the job codes listed in Section III, you must opt out if you do not wish to be bound by the release of Settled Claims under California Law described above.  You are only bound by the release of Settled Claims arising under the Fair Labor Standards Act if you actually submit a timely and valid Claim Form.

This written notice of request for exclusion must be submitted to the Oracle Claims Administrator, c/o RG2 Claims Administration LLC, P.O. Box 59479, Philadelphia, PA

1  19102-9479.  An opt-out notice must be postmarked no later than October 31, 2007.
2  (However, if you submit a Claim Form and are notified by the Claims Administrator that it
3  does not agree with your contention about the number of weeks you worked in one of the
4  job codes, you will have twenty-one (21) calendar days from the date of the postmark on
5  that letter from the Claims Administrator to opt out of the settlement by following the
6  directions in this paragraph.)  The postmark date of the mailing envelope shall be the
7  exclusive means to determine whether a request for exclusion (opt out) has been timely
8  submitted.

9  **IX.   <u>YOU MAY OBJECT TO THE SETTLEMENT</u>**

10  If you believe that the proposed Settlement Agreement should not be finally
11  approved by the Court for any reason, you may object to the proposed Settlement
12  Agreement.  If you want to object to the proposed Settlement Agreement, you must file an
13  objection in writing with the Oracle Claims Administrator, c/o RG2 Claims Administration
14  LLC, P.O. Box 59479, Philadelphia, PA 19102-9479.  The written statement of objection
15  ("Notice of Objection") must be in the form enclosed with this Notice and must state the
16  basis of your objection.  If you fail to make objections in the manner specified above, you
17  shall be deemed to have waived any objections and shall be foreclosed from making any
18  objections (whether by appeal or otherwise) to the Settlement Agreement.  To be timely,
19  you must postmark your objection on or before October 31, 2007.  The postmark date of
20  the mailing shall be the exclusive means for determining that a Notice of Objection is
21  timely.
22  You also may appear at the hearing in the United States District Court for the
23  Northern District of California, 450 Golden Gate Ave., 19th Floor, San Francisco, CA
24  94102, to have your objection heard by the Court.  Objections not previously filed in
25  writing in a timely manner as described above will not be considered.  Any attorney who
26  will represent an individual objecting to the Settlement Agreement must file a notice of
27  appearance with the Court and serve counsel for all parties on or before October 31, 2007.
28

EXHIBIT A: NOTICE OF CLASS ACTION SETTLEMENT
*Kakani, et al. v. Oracle Corporation*, Case No. C 06-06493 WHA
16

All objections or other correspondence must state the name and number of the case, which is *Kakani, et al. v. Oracle Corporation*, Northern District of California Case No. C 06-06493 WHA.

## X. ATTORNEYS' FEES AND COSTS

You will not have to pay the attorneys who represented the class in this lawsuit. The Settlement Agreement provides that Plaintiffs' counsel will receive a maximum of 25% of the total value of the claims made under the settlement. The maximum amount that could be awarded to Plaintiffs' counsel under this method is $2,202,500, but it may be less depending on the total amount of claims actually made. The final amount will be determined by the Judge in this case at the final approval hearing). Under the Settlement Agreement, Plaintiffs' counsel will also be reimbursed for $75,000 for their out-of-pocket costs of bringing this suit.

On or before December 3, 2007, Plaintiffs' counsel will file with the Court a Motion for Attorneys' Fees and Costs. You have the opportunity to request a copy from Plaintiffs' counsel or to review a copy on file with the Court, and to object to this Motion for Attorneys' Fees and Costs by filing an objection in writing with the Oracle Claims Administrator, c/o RG2 Claims Administration LLC, P.O. Box 59479, Philadelphia, PA 19102-9479. To be timely, you must postmark your objection on or before October 31, 2007. The postmark date of the mailing shall be the exclusive means for determining that a Notice of Objection is timely.

## XI. FURTHER INFORMATION AND ADDRESS OF PLAINTIFF'S COUNSEL

PLEASE DO NOT CALL OR CONTACT THE COURT. If you have any questions about the Settlement Agreement or about §1542 of the California Civil Code (quoted above in Section VII), you may contact the Class Counsel at the address and phone number listed below or through the online form at Plaintiffs' counsel's website for this case, www.oracleovertimeclassaction.com:

Todd Schneider
W.H. "Hank" Willson, IV
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
(415) 421-7100
wwillson@schneiderwallace.com

CHRISTINA DJERNAES (SB# 177522)
LAW OFFICES OF CHRISTINA DJERNAES
1215 De La Vina Street, Suite K
Santa Barbara, CA 93101
(805) 685-8189
christina@djernaeslaw.com

## XII.  OBTAINING COPIES OF THE SETTLEMENT AGREEMENT

You may obtain a copy of the settlement agreement by contacting Plaintiffs' counsel or by visiting www.oracleovertimeclassaction.com. Settlement Class members or their counsel may also examine the file of this case at the Office of the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Ave., 16th Floor, San Francisco, CA 94102, or at the Class Counsel's offices at the address shown in Section IX above.

## XIII.  SETTLEMENT FAIRNESS HEARING

The Court has scheduled a Settlement Fairness Hearing for December 20, 2007 at 8:00 a.m. to determine final approval of the settlement along with the amounts properly payable for (i) attorneys' fees and costs and (ii) the costs of administration of the settlement.

If the proposed settlement agreement is not approved by the Court, or if any of its conditions are not satisfied, the conditional settlement will be voided, no money will be paid to Plaintiffs, Settlement Class members or Class Counsel, and the case will revert to litigation. However, if that happens there is no assurance: (a) that any decision before or at trial would be in favor of Settlement Class members; (b) that a favorable trial decision, if any, would be as favorable to the class members as this settlement; or (c) that any favorable trial decision would be upheld if an appeal was filed.

### XIV. NO RETALIATION OR DISCRIMINATION

Federal and California law prohibit Oracle or any other employer from discharging you or in any other manner discriminating against you because you have exercised your right under Federal or California law to participate in this settlement.

### XV. COURT HAS EXPRESSED NO OPINION AS TO THE MERITS OF THE CASE

The Court has expressed no opinion regarding the merits of Plaintiffs' claims or Oracle's liability. WITH THE EXCEPTION OF THE OBJECTION PROCEDURE DESCRIBED ABOVE, DO NOT WRITE THE COURT REGARDING THIS SETTLEMENT. PLEASE DO NOT TELEPHONE THE COURT REGARDING THIS SETTLEMENT.

### XVI. ADDRESS CHANGES

It is your responsibility to keep the Claims Administrator apprised of your correct address. Please sign and mail any change of address along with your Social Security number, date of birth, former address and new address to: Oracle Corporation Claims Administrator, c/o RG2 Claims Administration LLC, P.O. Box 59479, Philadelphia, PA 19102-9479.

### XVII. QUESTIONS ABOUT THE SETTLEMENT AGREEMENT

If you have any questions about the Settlement Agreement or this Notice, you should contact Plaintiffs' counsel, Schneider & Wallace and/or the Law Office of Christina Djernaes, via telephone or email using the number and email address provided above, or visit www.oracleovertimeclassaction.com.

Date: __August 16____, 2007

IT IS SO ORDERED
Judge William Alsup

_____
The Honorable William H. Alsup