1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MADHAV KAKANI, GENNADY BRIN
and RANJIV JAIN, on behalf of themselves
and all others similarly situated,

          Plaintiffs,

  v.

ORACLE CORPORATION,

          Defendant.

_____/

No. C 06-06493 WHA

**ORDER RE CLARIFICATION IN
ATTORNEY'S FEES**

The Court has received Attorney Todd Schneider's letter regarding the order granting attorney's fees. The letter is correct, the Court misunderstood how counsel arrived at their lodestar of $399,745.50. The Court is now apprehensive, however, in awarding the yet larger amount sought, at least without a detailed showing of how counsel arrived at their lodestar. If counsel wishes to increase the amount beyond that already awarded in today's order, then counsel must submit, by **JANUARY 3, 2008 AT NOON**, declarations that break down the fees in the following matter:

      1.     For each project, there must be a detailed description of the work, giving the date, hours expended, attorney name, and task for each work entry, in chronological order. A "project" means a deposition, a motion, a witness interview, and so forth. It does not mean generalized statements like "trial preparation" or "attended trial." It includes discrete items like "prepare supplemental trial brief on issue X." The following is an example of time collected by a project.

PROJECT:  ABC DEPOSITION (2 DAYS IN FRESNO)

| Date | Time-keeper | Description | Hours x | Rate = | Fee |
|------|------|------|------|------|------|
| 01-08-01 | XYZ | Assemble and photocopy exhibits for use in deposition | 2.0 | $100 | $200 |
| 01-09-01 | RST | Review evidence and prepare to examine ABC  at deposition | 4.5 | $200 | $900 |
| 01-10-01 | XYZ | Research issue of work-product privilege asserted by deponent | 1.5 | $100 | $150 |
| 01-11-01 | RST | Prepare for and take deposition | 8.5 | $200 | $1700 |
| 01-12-01 | RST | Prepare for and take deposition | 7.0 | $200 | $1400 |
| | | Project Total: | 23.5 | | $4350 |

2.      All entries for a given project must be presented chronologically one after the other, *i.e.*, uninterrupted by other projects, so that the timeline for each project can be readily grasped.  Entries can be rounded to the nearest quarter-hour and should be net of write-down for inefficiency or other cause.  Please show the sub-totals for hours and fees per project, as in the example above, and show grand totals for all projects combined at the end.  Include only entries for which compensation is sought, *i.e.*, after application of "billing judgment."  For each project, the declaration must further state, in percentage terms, the proportion of the project directed at issues for which fees are awardable and must justify the percentage.  This percentage should then be applied against the project total to isolate the recoverable portion (a step not shown in the example above).

3.      A separate summary chart of total time and fees sought per individual timekeeper (not broken down by project) should also be shown at the end of the declaration.  This cross-tabulation will help illuminate all timekeepers' respective workloads and roles in the overall case.

4.    The declaration must also set forth (a) the qualifications, experience and role of each attorney or paralegal for whom fees are sought; (b) the normal rate ordinarily charged for each in the relevant time period; (c) how the rates were comparable to prevailing rates in the community for like-skilled professionals; and (d) proof that "billing judgment" was exercised. On the latter point, as before, the declaration should describe adjustments made to eliminate duplication, excess, associate-turnover expense, and so forth.  These adjustments need not be itemized but totals for the amount deleted per timekeeper should be stated.  The declaration must identify the records used to compile the entries and, specifically, state whether and the extent to which the records were contemporaneous versus retroactively prepared.  It must state the extent to which any entries include estimates (and what any estimates were based on). Estimates and/or use of retroactively-made records may or may not be allowed, depending on the facts and circumstances.

5.    Ordinarily, no more than one attorney and one paralegal need be present at a deposition; more will normally be deemed excessive.  Ordinarily, no more than one attorney need attend a law-and-motion hearing; more will normally be deemed excessive.  To allow for symmetry, however, the award will take into account the staffing used by the opposing party.

6.    The breakdown should also include a detailed description of the amount of time and resources spent on preparing the collusive settlement rejected earlier in this litigation.

7.    Please advise the Court by **JANUARY 3, 2008 AT NOON**.


**IT IS SO ORDERED.**


Dated:  December 21, 2007.
_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3