UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADHAV KAKANI, GENNADY BRIN, and RANJIV JAIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ORACLE CORPORATION,<br><br>Defendant. | CASE NO. C-06-6493 WHA<br><br>**CLASS ACTION**<br><br>[PROPOSED] **ORDER FINALLY APPROVING SECOND AMENDED SETTLEMENT AGREEMENT AND FINAL JUDGMENT**<br><br>The Hon. Judge William H. Alsup |

On December 20, 2007, the Court held a hearing pursuant to notice on the Joint Motion of the Parties for Order Finally Approving Class Action Settlement and Motion of Plaintiffs for Order Approving Award of Attorneys' Fees and Costs. This action alleged past misclassification of sales consultants as exempt, unpaid wages and unpaid overtime, and other damages, penalties and interest due under various California laws and under the Fair Labor Standards Act. Todd Schneider of Schneider & Wallace and Christina Djernaes of Law Office of Christina Djernaes appeared for Plaintiffs, and Nancy L. Abell of Paul, Hastings, Janofsky & Walker LLP appeared for Defendant Oracle Corporation.

The Parties submitted their Second Amended Settlement Agreement ("Settlement Agreement"), which this Court preliminarily approved in its August 2, 2007 Order. In accordance with the preliminary approval Order, Class Members have been given notice of the terms of that Settlement Agreement and the opportunity to object to it or to exclude themselves from its provisions.

Having received and considered the proposed Settlement Agreement, the motions, declarations and other supporting papers filed by the parties, the declarations of the Claims Administrator, and the evidence and argument received by the Court at the preliminary approval hearings held on June 19 and July 5, 2007, and the final approval hearing on December 20, 2007, the Court GRANTS final approval to the Settlement Agreement, and HEREBY ORDERS, ADJUDGES AND DECREES as follows:

1. The Court has jurisdiction over the subject matter of the action, the Plaintiffs, the Defendant and those Settlement Class Members listed in Appendices A, B and C of the Supplemental Declaration of Hank Willson in Support of Motion for Order Finally Approving Class Action Settlement ("Supplemental Willson Decl."), filed January 10, 2008.

2. Pursuant to this Court's Orders of August 2 and 16, 2007, a Notice of Class Action Settlement, Claim, Waiver, Release and Consent to Sue Form, and Notice of Objection were sent to each Settlement Class Member by first-class mail and also sent to those Settlement Class Members who were current employees of Oracle Corporation or

one of its subsidiary or affiliated companies by email and Company mail. These papers informed Settlement Class Members of the terms of the Settlement, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

3. The Court finds and determines that this notice procedure afforded adequate protections to Settlement Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement Agreement based on the responses of those Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, and satisfied the requirements of law and due process.

4. In addition, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Attorney General of the United States and the appropriate state official in each state in which a Settlement Class Member resides have been given notice of the Settlement. As set forth in the Declaration of Nancy L. Abell Re CAFA Notices filed January 10, 2008, pursuant to CAFA, on June 8, 2007, not later than 10 days after the motion seeking preliminary approval of the Settlement Agreement was filed in this Court, counsel for Defendant served upon the Attorney General and the appropriate state official of each state in which Defendant believed each Settlement Class Member resided a copy of the Complaint, notice that the preliminary approval hearing was then scheduled for June 21, 2007, and a copy of the Settlement Agreement and its attachments, including the proposed notice of class action settlement and right to object, request exclusion from the class or otherwise comment on the fairness of the settlement, the claim form and the notice of objection to settlement. Counsel for Defendant gave amended notice with attachments on June 16, 2007 to the same recipients because the Court changed the date of the hearing from June 21 to June 19, 2007. On August 31, 2007, counsel for Defendant gave notice to the same officials of the Court's preliminary approval order and of the final

approval hearing set for December 20, 2007, and attached thereto the Complaint; the Settlement Agreement and its attachments, including the proposed notice of class action settlement and right to object, request exclusion from the class or otherwise comment on the fairness of the Settlement, the claim form and the notice of objection to settlement; and a list of the names of the Settlement Class Members who resided in the particular state and their estimated proportionate share of the settlement. That August 31 updated notice was sent more than 90 days before the December 20, 2007 hearing on final approval.

5. The Court finds and determines that Defendant's notice of Settlement was timely, adequate, and compliant with the statutory requirements of CAFA. Accordingly, 28 U.S.C. section 1715(e) has no application to the Settlement.

6. Of the 1,174 Settlement Class Members, twelve class members filed written objections (seven timely, and five untimely) to the proposed Settlement as part of this notice process. Only one of these objections raised any substantive issue with any aspect of the Settlement; that objection expressed a belief that fees should not be awarded to Class Counsel because relief for Settlement Class Members was available through the government. No objector or representative of an objector appeared at the final approval hearing.

7. Of the 1,174 Settlement Class Members, only seven opted out of the Settlement (six in a timely fashion, one untimely).

8. For the reasons stated in the Court's August 2, 2007, preliminary approval order, the Court finds and determines that the proposed Settlement Class, as defined in the definitions section of the Settlement Agreement, meets all of the legal requirements for class certification, and therefore, it is hereby ordered that the Settlement Class is finally approved and certified as a class for purposes of settlement of this action.

9. The Court finds and determines that the terms of the Settlement Agreement are fair, reasonable and adequate to the class and to each Class Member.

10. The Eligible Class Members listed in Appendix A to the Supplemental Willson Decl. will be bound by the release described in the Second Amended Settlement

Agreement at ¶2.s. (Settled Claims under California Law) and ¶2.t. (Settled Claims under the Fair Labor Standards Act); the Eligible Class Members listed in Appendix B to the Supplemental Willson Decl. will be bound by the release described in the Second Amended Settlement Agreement at 2.s. (Settled Claims under California Law); and the Eligible Class Members listed in Appendix C to the Supplemental Willson Decl. will be bound by the release described in the Second Amended Settlement Agreement at ¶2.t. (Settled Claims under the Fair Labor Standards Act). The Named Plaintiffs will be bound by the release described in the Second Amended Settlement Agreement at ¶2.c.

11. The Court orders that the Joint Motion of the Parties for Order Finally Approving Class Action Settlement is GRANTED, that the Settlement Agreement is ordered finally approved, and that all terms and provisions of the Settlement Agreement should be and hereby are ordered to be consummated except as modified by this Order.

12. The Court finds and determines that the payments to be made to the Settlement Class Members as provided for in the Settlement Agreement are fair and reasonable.

13. The Court hereby gives final approval to, and orders upon the Effective Date as defined in Section 2.k. of the Settlement Agreement the following distribution of the $8,950,000 settlement fund that Defendant deposited with the Claims Administrator:

(a) $6,763,802.01 to the Settlement Class Members who submitted valid Claim Forms by November 30, 2007 at noon Pacific time in accordance with the terms of the Settlement Agreement;

(b) $664,000 to Class Counsel for attorneys' fees;

(c) $75,000 in costs of suit to Class Counsel;

(d) $1,382,197.99 reversion to Defendant Oracle Corporation, representing the proportion of the settlement attributable to those who opted out and those who did not file claims; and

(e) $65,000 in fees and costs to the Claims Administrator.

14. Interest accrued on the $8,950,000 deposit shall be distributed on a *pro rata* basis to the recipients of the awards in paragraph 13.

15. The Court finds and determines that the payment of the Class Counsel's attorneys' fees of $664,000 and costs of suit of $75,000 to Class Counsel of record are fair and reasonable.

16. Pursuant to California Labor Code Section 2699(l), the Court acknowledges the payment by Oracle of $15,000 to the California Labor Development and Workforce Agency, which payment will not be made from the Funds Available for Settlement. Oracle, not the Claims Administrator, will make that payment pursuant to the terms of the Settlement Agreement.

17. The objections to the Class Action Settlement, which are attached as Exhibit B to the Declaration of Kathy Y. Dales, filed December 4, 2007, are OVERRULED.

18. Neither the Final Judgment nor the Settlement shall constitute an admission by Defendant of any liability or wrongdoing whatsoever, nor is the Final Judgment a finding of the validity or invalidity of any claims in the action or a finding of wrongdoing by Defendant herein.

19. Without affecting the finality of this Final Judgment in any way, the Court reserves continuing jurisdiction over the action and the Parties for purposes of supervising the implementation, enforcement, construction, administration and effectuation of this Order and the Settlement Agreement as modified by this Order.

20. Nothing in this Order shall preclude any action to enforce the Parties' obligations under the Settlement Agreement or under this Order, including the requirement that the Claims Administrator make payments to the Class Members in accordance with the terms of the Settlement Agreement.

21. Upon completion of administration of the Settlement, the Claims Administrator will provide written certification of such completion to the Court and counsel for the Parties.

22. The Parties are hereby ordered to consummate the Settlement Agreement in accordance with its terms except as amended by this Order.

23. Each side is to bear its own costs and attorneys' fees except as provided by this Order.

IT IS SO ORDERED AND ADJUDGED.

DATED: January 14, 2008.

_____
The Hon. William H. Alsup
United States District Judge

AGREED TO AND SUBMITTED BY COUNSEL:

DATED: January 10, 2008  TODD M. SCHNEIDER
W.H. "HANK" WILLSON, IV
RACHEL E. BRILL
SCHNEIDER & WALLACE

By: /s/ *Hank Willson*
_____
Hank Willson

Attorneys for Plaintiffs
MADHAV KAKANI, GENNADY BRIN, RANJIV JAIN AND THE PUTATIVE CLASS

DATED: January 10, 2008  NANCY L. ABELL
CYNTHIA J. EMRY
ELIZABETH A. BROWN
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/ *Nancy Abell*
_____
Nancy L. Abell

Attorneys for Defendant
ORACLE CORPORATION